Argued February 25, affirmed March 21, 1977

STATE OF OREGON, *Respondent,*
*v.*
PETER DAVID, JR., *Appellant.*
(No. C 75-09-2796 Cr, CA 7041)

561 P2d 189

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from a sentence of 30 years' imprisonment imposed under the dangerous offender statute, ORS 161.725, contending that the court had no jurisdiction to impose the sentence.

Defendant was convicted of manslaughter, and was sentenced to a term of imprisonment not to exceed 10 years. The court found defendant to be a dangerous offender, and imposed an additional 20-year sentence to be served consecutively. As the dangerous offender statute does not provide for a separate penalty, but, instead, authorizes a sentence in lieu of the sentence authorized for a particular crime, this court, pursuant to stipulation, vacated the judgment and remanded for resentencing. *State v. David,* 26 Or App 359, 552 P2d 272 (1976). The trial court then sentenced defendant under the dangerous offender statute to 30 years' imprisonment.

Defendant contends that the court's original sentence for manslaughter was void, but that the original sentence under the dangerous offender statute was valid. Thus, he argues, the court had no jurisdiction to resentence him under the dangerous offender statute. Even assuming defendant is not barred by his stipulation from now asserting that either of the sentences originally imposed by the court remain valid, his contention would not be supportable. In the first appeal, we vacated both sentences as well as the judgment, and remanded for resentencing. The trial court was thus working on a slate that had been wiped clean at defendant's request, and was free to impose any proper sentence not exceeding 30 years under the dangerous offender statute.

Defendant cites *State v. Thompson,* 25 Or App 511, 549 P2d 1292 (1976), as supporting his position. In *Thompson* the defendant was convicted on several counts. The judge disposed of all but one of the counts by merger and then sentenced on the remaining count. When we held that the sentence he imposed was

legally excessive and remanded for resentencing, the trial court attempted to achieve the same result by reinstating and sentencing on the counts it had previously disposed of by merger. Thus, it is apparent that the situation in *Thompson* and the situation here are not analogous.

Affirmed.