Argued and submitted December 12, 1979,
remanded with instructions February 19,
reconsideration denied March 27,
petition for review denied April 15, 1980 (289 Or 45)

## STATE OF OREGON,
*Respondent,*

*v.*

## LONNIE ALLEN DAVIS,
*Appellant.*

### (No. J78-2679, CA 14539)

606 P2d 671

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Christian W. Van Dyke, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

JOSEPH, P. J., dissenting opinion.

**RICHARDSON, J.**

Defendant appeals his conviction by a jury of murder, ORS 163.115, and assigns as error the trial court's failure to give requested instructions on reckless manslaughter and criminally negligent homicide, the court's instruction that a verdict of not guilty by reason of mental disease or defect would exonerate defendant and the court's imposition of a 20 year minimum sentence.

On the evening of November 2, 1978, defendant beat his female roommate to death with the barrel of a rifle. The autopsy report indicated the victim had sustained numerous blows to the head. Defendant then buried the victim's body in a shallow grave behind their residence. The next morning he surrendered to the Oregon State Police. At that time he told the officers that God told him the devil was in the victim and for that reason he must kill her. He also told the police that he killed the victim because of an alleged sexual affair she had with a neighbor. At trial defendant sought to establish that his act was the product of a mental disease or defect, ORS 161.295, or that the homicide was committed under the influence of extreme emotional disturbance. ORS 163.115(2); ORS 163.118(1)(b). The principal issue at trial was the defendant's mental condition at the time he killed the victim.

At the close of trial defendant requested instructions on the lesser included offenses of reckless manslaughter in the first and second degree, ORS 163.118(1)(a); ORS 163.125, and criminally negligent homicide, ORS 163.145, and assigns as error the court's refusal to do so. The court instructed the jury on the lesser included offenses of intentional manslaughter in the first degree, ORS 163.118(1)(b) and intentional first and second degree assault, ORS 163.185.

Before an instruction on a lesser included offense is proper there must be evidence which supports the requested instruction so that the jury could rationally

[551]

and consistently find the defendant guilty of the lesser offense and innocent of the greater. *State v. Washington*, 273 Or 829, 836, 543 P2d 1058 (1975).

In *State v. Thayer*, 32 Or App 193, 573 P2d 758, *rev den* 283 Or 1 (1978), we stated:

> "Defendant's requested instruction on criminally negligent homicide—causing a death by criminal negligence—was properly rejected. The evidence showed that the victim had been stabbed more than 50 times. Stabbing someone more than 50 times cannot occur negligently. *See* ORS 163.145; 161.085(10). Similarly, defendant's requested instruction on manslaughter in the second degree was properly rejected: the undisputed fact of 50 stab wounds does not reasonably permit the inference that the stabbing was merely reckless without manifesting an extreme indifference to the value of human life. *See* ORS 163.125; 163.118; 161.085(9)." 32 Or App at 196, n 1.

Similarly, the undisputed evidence in this case does not support the defendant's claim that his acts were done recklessly or negligently.

Defendant, while conceding the applicability of the quoted portion of *State v. Thayer, supra*, advances two theories in support of the requested instructions. The theories are based on evidence of the following facts. Approximately one year prior to the homicide defendant was diagnosed as schizophrenic and was given a prescription for medication to control the symptoms of the disease. Approximately four months prior to the homicide defendant stopped taking the medication and the evidence indicates that without the medication the symptoms of the psychosis were returning. Defendant's first theory is that it was either negligent or reckless for him to cease taking the medication when he knew or should have known that to do so would allow the symptoms of the disease to emerge. He contends the jury could have found that the death was caused by his negligent or reckless failure to take the medication and prevent his psychotic state from manifesting itself.

[552]

We reject this theory for the reason that the death was not caused by defendant's failure to take medication. The death was caused by the defendant beating the victim on the head with the barrel of a rifle. It is this conduct which must be judged as reckless or negligent. As indicated by the quotation from *State v. Thayer, supra,* there is no basis for an inference that the act of striking the blows was reckless or negligent. His decision, for whatever reason, to cease taking the prescribed medication may have precipitated a pychosis or a particular state of mind at the time the blows were intentionally inflicted. From this the jury would be entitled to find he was suffering from a mental disease or defect excluding responsibility for the death, or that he was suffering from an extreme emotional disturbance and thus guilty of manslaughter. The jury, after proper instruction, rejected both defenses. However, the fact that defendant negligently or recklessly discontinued medication and thereby arguably suffered from a particular state of mind did not change otherwise intentional actions to negligent or reckless conduct.

Defendant's second theory is that the evidence of his emotional disturbance could be a basis for a finding that he lacked the requisite intent, thereby entitling the jury to find his conduct reckless or negligent. Proof of extreme emotional disturbance does not negate the intentional element of murder but empowers the jury to find a reasonable explanation of his otherwise intentional conduct and convict him of the lesser crime of manslaughter in the first degree, ORS 163.118(1)(b); 163.115(2); *State v. McCoy,* 17 Or App 155, 161, n 3, 521 P2d 1074, *aff'd* 270 Or 340, 527 P2d 725 (1974). The requested instructions were properly refused.

In the second assignment defendant challenges a portion of an instruction given by the court as prejudicial. In the course of instructing on an extreme emotional disturbance which reduces the crime to manslaughter, the court said:

"As I said, the issue of extreme emotional disturbance is not to be confused with the defense of mental defect or disease, *the latter of which exonerates a defendant from the charge.*" (Emphasis added.)

Defendant excepted to the emphasized portion of the instruction. He argues that the jury could infer from the statement that if they found defendant not guilty by reason of a mental disease or defect he would be set free. The jury would be influenced, he contends, to convict him for the protection of society even though it believed he was suffering from a mental disease or defect.

The court gave lengthy instructions regarding the defense of mental disease or defect and told the jury such a defense, if established, made the defendant not criminally responsible for the homicide. The verdict form read in part:

"I

"AT THE TIME OF THE ACT ALLEGED IN THE INDICTMENT WAS DEFENDANT'S MENTAL STATE THAT OF BEING 'NOT RESPONSIBLE BY REASON OF MENTAL DISEASE OR DEFECT'?

"If the answer to question # I is yes, do not answer further questions. * * *"

In the context of all the instructions given and the verdict form, we conclude it is unlikely the jury attached the significance to the word "exonerate" that the defendant contends. If it was error to include the phrase in the instructions there is little likelihood the defendant was prejudiced and reversal is not indicated.

In the third assignment of error defendant challenges the minimum sentence imposed by the court as exceeding its authority. The court sentenced defendant to imprisonment for life under ORS 163.115(5)[1]

---

[1] ORS 163.115(5) was amended by initiative effective December 7, 1978. That section now reads:

"Except when a sentence of death is imposed pursuant to section 3 of this 1978 Act, a person convicted of murder shall be punished by imprisonment for life and shall be required to serve not less than 25 years before becoming eligible for parole."

and imposed a minimum term of imprisonment of 20 years. In setting the minimum term the court took judicial notice of the current life expectancy tables and concluded that defendant, who at the time of sentencing was 22 years of age, had a life expectancy of at least 46 years.

In *State v. Segner*, 42 Or App 397, 399, 600 P2d 916, *rev den* 288 Or 253 (1979), we held the court had authority to impose a minimum sentence for murder. Defendant argues that decision was incorrect and should be overruled. In the alternative defendant contends, if *Segner* is followed the minimum term imposed cannot exceed ten years.

We decline to overrule *State v. Segner, supra.* However, we agree with defendant's alternate contention that the minimum term of imprisonment cannot exceed ten years. In *Segner* we noted murder is a felony and that a sentencing court is authorized, in sentencing on a felony, to impose a minimum term up to one-half of the term of imprisonment imposed. We also noted the minimum term for a class A felony could not exceed ten years because the maximum penalty for a class A felony was 20 years. We then said: "Therefore, it follows from the statutory scheme of penalties that a minimum sentence imposed for a lesser crime is permissible [for murder] within the limitations prescribed by ORS 144.110(1)." We did not expressly approve the use of life expectancy tables to determine the limits of the minimum sentence allowed. We remand the case for entry of an order reflecting a minimum sentence not to exceed ten years. In all other respects the judgment is affirmed.

Remanded with instructions.

**JOSEPH, J.,** dissenting in part.

If *State v. Segner*, 42 Or App 397, 600 P2d 916, *rev den* 288 Or 253 (1979), was correctly decided, its logic compels us to affirm the judgment here. Therefore, I dissent from the remand for resentencing.