Argued and submitted September 17, 1982, affirmed March 30, reconsideration denied April 14, petition for review denied May 17, 1983 (295 Or 31)

## STATE OF OREGON,
*Respondent,*

*v.*

## GEORGE ARTHUR WAY,
*Appellant.*

(80-4105-C-2; CA A24046)

660 P2d 1087

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his conviction for murder. Although we limit our discussion to the question whether the trial court erred in imposing a ten-year minimum sentence, we affirm the trial court in all respects.[1]

In 1978, by initiative, the people of Oregon amended ORS 163.115(5) to provide for a mandatory minimum sentence of "not less than 25 years" for murder. That provision was held unconstitutional in *State v. Shumway*, 291 Or 153, 630 P2d 796 (1981), and was subsequently repealed by Or Laws 1981, ch 873, § 5. We have held that, under ORS 144.110(1), a court is authorized to impose a ten-year minimum sentence for murder. *State v. Segner*, 42 Or App 397, 600 P2d 916, *rev den* 288 Or 253 (1979). Defendant contends: (1) the 1978 initiative requiring a 25-year mandatory minimum sentence for murder repealed, by implication, ORS 144.110(1) as applied to murder; (2) the repeal of the 1978 measure did not revive ORS 144.110(1); and (3) the legislature's failure to provide for a minimum sentence to replace the 25-year term demonstrated an intent that no minimum sentence be imposed for murder.

▪▪▪ Repeal by implication is not favored, *Ingersoll v. Mattson*, 47 Or App 463, 468, 614 P2d 1197 (1980), nor will an intent to repeal be presumed. *See Cabell v. City of Portland*, 153 Or 528, 543, 57 P2d 1292 (1936); *see also*, ORS 174.010.[2] Whether there has been an implied repeal depends on whether both statutes can be given effect or whether a choice *must* be made because there exists between the two a clear, unavoidable and irreconcilable inconsistency. *See State v. Shumway, supra*, 291 Or at 160; *Noble v. Noble*, 164 Or 538, 549, 103 P2d 293 (1940).

---

[1] Defendant also contends that the trial court erred: (1) in admitting into evidence certain pretrial statements of defendant; and (2) in denying defendant's motion for judgment of acquittal.

[2] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

ORS 144.110(1) provides:

"In *any* felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes." (Emphasis supplied.)

As amended by the 1978 initiative, ORS 163.115(5) provided:

"Except when a sentence of death is imposed pursuant to ORS 163.116, a person convicted of murder shall be punished by imprisonment for life and *shall be required to serve not less than 25 years before becoming eligible for parole.*" (Emphasis supplied.)

There is not such repugnance between the statutes that the latter must by implication repeal the former. ORS 144.110(1) applies to *all* felony cases and allows, but does not require, a judge to impose a minimum term of up to one-half of the sentence imposed. ORS 163.115(5), as amended, applied only to murder and *required* that a defendant convicted of *murder* serve not less than 25 years of a life sentence before being eligible for parole. ORS 163.115(5) on its face purported neither to be a substitute for ORS 144.110(1) nor to preclude the simultaneous validity of both statutes. Furthermore, although a specific statute, while in effect, controls a general one on the same subject, *see Skinner v. Keeley,* 47 Or App 751, 758, 615 P2d 382 (1980), that control, without more, is not the equivalent of repeal. In this case, when ORS 163.115(5), the more specific statute, was found unconstitutional, ORS 144.110(1) was no longer controlled by it and applied by its terms to "any felony," including murder.

■ We hold that ORS 144.110(1) was not impliedly repealed, in part or otherwise, by the 1978 initiative amending ORS 163.115(5). We also reject defendant's argument that the 1981 legislature intended that there be no minimum term for murder following its repeal of the 1978 measure. The authority to impose a minimum sentence for murder under ORS 144.110(1) continues, *see, e.g., State v. Reams,* 292 Or 1, 17-18, 636 P2d 913 (1981),[3] and the trial court did not err in imposing such a sentence in this case.

---

[3] In *State v. Reams,* 292 Or 1, 17, 636 P2d 913 (1981), the defendant had been sentenced under ORS 163.115(5) to serve not less than 25 years of a life sentence before becoming eligible for parole on a felony murder conviction. The court explained:

Affirmed.

"This court, in *State v. Shumway*, 291 Or 153, 630 P2d 796 (1981), held that such a sentence of life for 'murder' under ORS 163.115(5) was invalid as a 'disproportionate' sentence in view of the provisions of ORS 163.105 under which a minimum sentence of 20 or 30 years, without parole, were provided for various 'aggravated' intentional murders. At the time of oral argument in this case, the Assistant Attorney General representing the State of Oregon conceded on behalf of the state that in view of the decision by this court in *Shumway* such a sentence for felony murder was invalid and that *this case must be remanded to the trial court for the resentencing of this defendant on that charge under the rules as stated in State v. Segner, 42 Or App 397, 600 P2d 916 rev den (1979). We agree.*" (Emphasis supplied; footnotes omitted.)