Argued and submitted May 14, 1982, affirmed April 13, reconsideration denied May 27, petition for review denied July 6, 1983 (295 Or 297)

## STATE OF OREGON,
*Respondent,*

*v.*

## STANLEY EUGENE HOLMES,
*Appellant.*

(C80-07-32567 (Control), C80-07-32569, C80-07-32571; CA A21658, A21659, A21660) (Cases Consolidated)

661 P2d 556

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals two convictions for robbery in the first degree, ORS 164.415, and a conviction for attempted murder, ORS 163.115.[1] The trial court found that he was a dangerous offender and sentenced him on each conviction to a maximum term of 30 years, ORS 161.725, with a minimum term of 15 years, ORS 144.110, the sentences to run consecutively.[2] There are five assignments of error, and, although our discussion is limited to the question whether the trial court erred in imposing the 15-year minimum terms, we affirm the trial court in all respects.

## STATUTORY AUTHORITY FOR THE SENTENCES

■ ■ Defendant argues that a minimum term imposed under ORS 144.110 is limited by the maximum indeterminate sentence provided for the underlying felony and that in this case the 15-year minimum terms exceed the ten-year maximum authorized by ORS 144.110(1) for conviction of a Class A felony.[3] ORS 161.725 provides that "[t]he maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years." The statute is silent with respect to the imposition of a minimum term. ORS 144.110(1), however, authorizes a trial court to impose a minimum term:

"*In any felony case,* the court may impose a minimum term of imprisonment of up to one-half of the sentence *it imposes.*" (Emphasis supplied.)

The length of the minimum term is limited by the sentence imposed and *not* by the maximum indeterminate term

---

[1] The cases are consolidated for appeal.

[2] A trial court has authority to impose consecutive sentences. *State v. Jones,* 250 Or 59, 440 P2d 371 (1968). The court also imposed minimum terms of five years under ORS 161.610 to run concurrently with the 15-year minimum terms. ORS 161.610 provides, in pertinent part:

"(5) The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a) Except as provided in subsection (6) of this section, upon the first conviction for such felony, five years."

[3] Attempted murder and robbery in the first degree are Class A felonies. ORS 161.405(2)(a), 164.415(2). The maximum indeterminate sentence for a Class A felony is 20 years. ORS 161.605(1).

provided for the underlying felony. Here, defendant was convicted of three Class A felonies. By the application of ORS 161.725, the trial court was authorized to impose a maximum 30-year sentence on each conviction, and it did so. ORS 144.110(1), by its plain language, allows the imposition of a minimum sentence of one-half of any term of years *imposed* as a maximum sentence. The 15-year minimum terms are expressly authorized by ORS 144.110(1).

## CONSTITUTIONALITY

Defendant also contends that the 15-year minimum terms are "disproportionate to the ten-year minimum term allowable for the completed act of murder," *see State v. Davis,* 44 Or App 549, 606 P2d 671, *rev den* 289 Or 45 (1980), and for that reason offend Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution.[4] The argument is based on the premise that the courts have no authority to impose a minimum sentence greater than ten years (*i.e.* 15 years) for murder. We hold that they have such authority.

In *State v. Segner,* 42 Or App 397, 600 P2d 916, *rev den* 288 Or 253 (1979), we held that the court was within its authority in imposing a minimum ten-year sentence for murder under ORS 144.110, reasoning:

"Although the statutes did not formerly expressly provide for a minimum term of imprisonment for a defendant sentenced to life imprisonment, *Class A Felonies allow a minimum term of imprisonment up to ten years. ORS 161.505.* For aggravated murder, ORS 163.105 authorizes 20 and 30 year mandatory minimum sentences. Therefore, it

---

[4] Or Const, Art I, § 16 provides, in part:

"* * * Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense. * * *"

US Const, Amend VIII, provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

Under the rule in *Cannon v. Gladden,* 203 Or 629, 281 P2d 233 (1955), a greater sentence for an attempt than the penalty provided for the crime attempted violates Article I, section 16. In *State v. Shumway,* 291 Or 153, 630 P2d 796 (1981), the court held unconstitutional the provision in ORS 163.115(5) requiring a person convicted of unaggravated murder to serve 25 years before becoming eligible for parole, because under the statutory scheme a person received a lesser minimum sentence for aggravated murder.

follows from the statutory scheme of penalties that a minimum sentence imposed for a lesser crime is permissible [for murder] within the limitations prescribed by ORS 144.110(1). * * *" 42 Or App at 400-01. (Emphasis supplied.)

In *State v. Davis, supra,* the trial court, having taken judicial notice that the defendant had a life expectancy of at least 46 years, sentenced him to a 20-year minimum term for murder. We agreed with the defendant's contention that under *Segner* the minimum term for murder could not exceed ten years and stated:

"* * * We also noted [in *Segner* that] the minimum term for a Class A felony could not exceed ten years [under ORS 144.110] because the maximum penalty for a class A felony was 20 years.* * *" 44 Or App at 555.

■ ■ In both *Segner* and *Davis,* we assumed that the maximum indeterminate sentence that could be imposed following a conviction for a Class A felony was 20 years. *See* ORS 161.605. We neglected to consider that such a sentence could be enhanced[5] and that the enhanced sentence imposed, rather than the sentence provided for the underlying felony, would be the base for sentencing under ORS 144.110. Accordingly, we disapprove of *State v. Davis, supra,* to the extent that that decision suggests that a minimum sentence for murder imposed under ORS 144.110 in excess of ten years is unauthorized and hold that a sentence of up to 15 years for murder is permissible under that provision.[6] The 15-year minimum terms imposed in this case do not exceed the maximum minimum sentence authorized for murder under ORS 144.110; therefore, we

---

[5] The dangerous offender statute, ORS 161.725, does not provide for a separate penalty, but instead authorizes a sentence *in lieu of* the sentence authorized for a particular crime. *State v. David,* 28 Or App 775, 777, 561 P2d 189, *rev den* 278 Or 393 (1977).

[6] As we stated in *State v. Segner,* 42 Or App 397, 401, 600 P2d 916, *rev den* 288 Or 253 (1979):

"* * * Any other interpretation of ORS 144.110(1) would lead to the incongruous result that a felon who stops short of killing his victim would potentially be subject to more lengthy imprisonment than one who actually kills the victim. Moreover, the ten-year minimum sentence imposed herein is significantly less than the 20-and 30-year minimum sentences provided for aggravated murder under ORS 163.105. * * *"

reject defendant's argument that the sentences are disproportionate. The trial court did not err in sentencing defendant.

We emphasize that this decision does no more than fill in a gap with respect to minimum sentencing for murder. The responsibility for resolving that dilemma ultimately rests with the legislature, which has not provided a specific minimum term for that offense. *See, generally, State v. Segner, supra* (Schwab, C.J., dissenting.)

Affirmed.