Argued and submitted November 13, 1985, affirmed as modified July 2, reconsideration denied September 12, petition for review denied October 7, 1986 (302 Or 86)

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH DON McCORMICK,
*Appellant.*

(10-83-03920; CA A29453)

721 P2d 471

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, Salem, and F. Douglas Harcleroad, District Attorney, and David M. Nissman, Assistant District Attorney, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was convicted of murder and was sentenced to life imprisonment with a 15-year minimum under ORS 144.110, and a separate 15-year minimum, apparently under the dangerous offender law, ORS 161.725 to 161.735, in conjunction with ORS 144.110 to run concurrently with the other minimum sentence; he was also ordered to pay $5,000 in costs within five years after the date of his parole, the rate of repayment to be determined by the Parole Board. ORS 161.665. On appeal, he challenges the trial court's instructions on the affirmative defense of extreme emotional disturbance, the imposition of both 15-year minimum sentences and the order to pay costs after his release. We vacate the portion of the judgment imposing the minimum terms of imprisonment; we affirm in all other respects.

■       Defendant first contends that the trial court's instruction on the affirmative defense of extreme emotional disturbance was improper under *State v. Ott,* 297 Or 375, 686 P2d 1001 (1984), which was decided after his conviction.[1] Defendant's only objection to the instruction, however, concerned an issue not addressed in *Ott*: imposing upon him the burden of proof. That portion of the instruction was not in error.[2] *State v. Lyons,* 65 Or App 790, 672 P2d 1358 (1983). Because defendant failed to preserve error with respect to the other issues he now raises, we do not consider them. *State v. Stroup,* 290 Or 185, 620 P2d 1359 (1980).

■       Defendant next contends that the trial court erred in imposing a 15-year minimum under ORS 144.110(1), which provides that "[i]n any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes." The state concedes that ORS 144.110(1)

---

[1] Because defendant failed to preserve error on issues raised in *Ott* (see below), we do not determine the applicability of the decision to this case.

[2] With respect to the burden of proof, the jury was instructed as follows:

"An intentional homicide which would otherwise be Murder is Manslaughter in the First Degree if the defendant proves by a preponderance of evidence, one, that it was committed while the defendant was acting under an extreme emotional disturbance; two, that such extreme emotional disturbance is not the result of the defendant's own intentional, knowing, reckless, or criminally negligent act; and, three, that there is a reasonable explanation for the extreme emotional disturbance. The Defendant has the burden of proof by a preponderance of the evidence on the defense of extreme emotional disturbance."

is inapplicable when the defendant receives a life sentence. *State v. Macy,* 295 Or 738, 671 P2d 92 (1983). Accordingly, the 15-year minimum imposed under ORS 144.110(1) was improper.

■    The second 15-year minimum was imposed under ORS 161.725,[3] in conjunction with ORS 144.110. ORS 161.725 authorizes the court to sentence a defendant whom it finds to be a dangerous offender to a maximum of 30 years imprisonment if:

> "(1)  The defendant is being sentenced for a Class A felony * * * [or]
>
> "(2)  The defendant is being sentenced for a felony that seriously endangered the life or safety of another, [and] has been previously convicted of a felony not related to the instant crime * * *."

Here, the trial court found that defendant was a dangerous offender. Apparently, although not expressly, it then imposed a 30-year sentence pursuant to ORS 161.725 and, on the basis of that sentence, it imposed the second 15-year mandatory minimum pursuant to ORS 144.110(1).

"The authority of a trial court to impose a sentence is strictly limited to the provisions of the statute authorizing the sentence." *State v. Macy, supra,* 295 Or at 741. Accordingly, in order to sentence defendant as a dangerous offender under ORS 161.725, the trial court had to find that all of the statutory predicates were met. Defendant was convicted of

---

[3] ORS 161.725(1) and (2) provide:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"(1) The defendant is being sentenced for a Class A felony, and the court finds that the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity.

"(2) The defendant is being sentenced for a felony that seriously endangered the life or safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity."

murder, an unclassified felony. *See* ORS 161.525[4] and 161.535.[5] He was not convicted of or sentenced for a Class A felony. Further, although the record evidences defendant's violent history, there is no evidence that he had been convicted previously of a felony.

The state argues that, regardless of the express language of the relevant statutes, we should treat murder as a Class A felony for purposes of sentencing. However, even if we were to do so, ORS 161.725 does not authorize a *separate* penalty; it authorizes an *enhanced* sentence, imposed *in lieu of* that otherwise authorized for a particular crime. *State v. David,* 28 Or App 775, 777, 561 P2d 189, *rev den* 278 Or 393 (1977). Consequently, because a sentence for the remainder of a person's life, with or without a prescribed minimum, is a greater sentence than one for 30 years, *State v. Turner,* 296 Or 451, 457, 676 P2d 873 (1984), the statute is inapplicable to a defendant who receives a life sentence.[6] Accordingly, the minimum sentence imposed derivatively from the 30-year sentence under ORS 161.725 must also be vacated.

■ Finally, defendant contends that the trial court erred in ordering him to pay $5,000 for attorney fees and costs

---

[4] ORS 161.525 provides:

"Except as provided in ORS 161.585 and 161.705, a crime is a felony if it is so designated in any statute of this state or if a person convicted under a statute of this state may be sentenced to a maximum term of imprisonment of more than one year."

[5] ORS 161.535 provides:

"(1) Felonies are classified for the purpose of sentence into the following categories:

"(a) Class A felonies;

"(b) Class B felonies;

"(c) Class C felonies; and

"(d) Unclassified felonies.

"(2) The particular classification of each felony defined in the Oregon Criminal Code, except murder under ORS 163.115 and treason under ORS 166.005, is expressly designated in the section defining the crime. An offense defined outside this code which, because of the express sentence provided is within the definition of ORS 161.525, shall be considered an unclassified felony."

[6] Any practical incongruence that results from the inapplicability of the dangerous offender statutes to defendants charged with murder has been remedied by the 1985 amendments to ORS 163.115, Oregon Laws 1985, chapter 763, section 1, which now authorizes minimum sentences for defendants convicted of murder.

within five years of the date of his parole. At the time defendant was sentenced, a defendant could be ordered to pay costs, which includes attorney fees, if the court found that the defendant "is or will be able to pay" them without suffering undue hardship.[7] Here, the court found that, although ordering defendant to pay the entire cost of his prosecution and defense would be inappropriate, ordering him to pay the substantially lesser sum would not be, because it found from defendant's work history that he had some ability to work independent of whether he would be eligible to receive disability payments. The evidence supports that finding. Defendant also objects to the payment plan imposed. However, no objection to the plan was raised below. Accordingly, we do not consider it.

Judgment modified by vacating the two 15-year minimum sentences; affirmed as modified.

---

[7] When defendant was sentenced, ORS 161.665(2) provided:

"The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

The statute was amended by Oregon Laws 1985, chapter 710, section 3, subsection (3) (formerly subsection (2)), which changes the language to read "unless the defendant is or *may* be able to pay them." (Emphasis supplied.)