Argued and submitted February 29, conviction affirmed and remanded for
resentencing April 6, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# KENT RANDAL BURR,
*Appellant.*

(86-10-30848; CA A44342)

752 P2d 330

Marsha Mussehl, Salem, argued the cause for appellant.
With her on the brief was Gary D. Babcock, Public Defender,
Salem.

Thomas H. Denney, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief were
Dave Frohnmayer, Attorney General, and Virginia L. Linder,
Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and
Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant, who is seeking modification of his sentence, pled guilty to the crime of sexual penetration with a foreign object in the first degree, a class A felony. ORS 163.411. The pertinent portion of the record is:

"'[THE COURT:] So, based upon the foregoing, Mr. Burr, you will be sentenced to the legal and physical custody of the Oregon Corrections Division for a period of 123 months, with a 61-month minimum.

"'* * * * *

"'I'm declaring that you are a dangerous offender and you're sentenced to an *additional* 20 years under ORS 161.725.'" (Emphasis supplied.)

The trial court then suspended execution of the sentence and placed defendant on probation for five years.[1]

ORS 161.725, the Dangerous Offender Statute, provides, in pertinent part:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"(1) The defendant is being sentenced for a Class A felony, and the court finds that the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity."

We need not decide whether the sentence is invalid because of excessive length, because the sentence—as conceded by the state—"is erroneous in a more fundamental respect." Clearly, the dangerous offender statute does not authorize a penalty *in addition to* that imposed for the underlying offense. It only authorizes an enhanced sentence, in lieu of the one otherwise authorized for a particular crime. *See State v. McCormick,* 80 Or App 191, 195, 721 P2d 471, *rev den* 302 Or 86, (1986); *State v. Holmes,* 62 Or App 652, 656 n 5, 661

---

[1] It is perplexing why, after finding that "an extended confinement of this defendant is necessary to protect the public and his victims," the trial court then suspended execution of the sentence and gave defendant probation.

P2d 556, *rev den* 295 Or 297, (1983); *State v. David,* 28 Or App 775, 777, 561 P2d 189 (1977).

Conviction affirmed; remanded for resentencing.