Argued and submitted March 18, affirmed May 13, 1992

William E. COLSON,
dba Sierra Vista Care Center,
*Petitioner,*

*v.*

BUREAU OF LABOR AND INDUSTRIES
and Ruth Swetland,
*Respondents.*

(02-90; CA A65574)

831 P2d 706

Thomas W. Sondag, Portland, argued the cause for petitioner. With him on the brief were Mark M. Loomis, Lee A. Knottnerus, and Lane, Powell, Spears, Lubersky, Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent Bureau of Labor and Industries. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance by respondent Ruth Swetland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner seeks review of an order of the Bureau of Labor and Industries (BOLI) that found that he had committed an unlawful employment practice when he terminated respondent Swetland's employment. ORS 659.410(1). Petitioner argues that BOLI did not have authority to resolve the issue, because he did not receive timely notice of the administrative determination under ORS 659.095(1). We affirm.

BOLI found, in part:

"1) On October 22, 1987, [Swetland] filed a verified complaint with the Civil Rights Division of the Agency alleging that she was the victim of an unlawful employment practice on the part of her employer, Sierra Vista Care Center.

"2) On September 12, 1988, after investigation and review, the Agency issued a Notice of Administrative Determination. The Administrative Determination, which found that there was substantial evidence of an unlawful employment practice under ORS 659.410, was sent to Sierra Vista Care Center.

"3) Finding of Fact #2 of the Administrative Determination stated:

" 'Respondent [Sierra Vista Care Center] is an assumed business name whose principal is William E. Colson, doing business as a nursing home.'

"\* \* \* \* \*

"5) On August 7, 1989, Specific Charges were sent to Sierra Vista by certified mail. A copy was also sent to Mr. Colson, as Authorized Representative for Sierra Vista Care Center, by certified mail. The respective mailings were received by Sierra Vista on August 9, 1989, and by Mr. Colson on August 16, 1989. In the Specific Charges, the Agency alleged a violation of ORS 659.410 by Sierra Vista Care Center, Respondent.

"6) On August 24, 1989, Sierra Vista filed a timely Answer in which it denied that it had violated ORS 659.410.

"7) On October 30, 1989, the Agency moved for leave to amend the Specific Charges, submitting a proposed amendment naming William E. Colson, dba Sierra Vista Care Center as Respondent. The Motion was unopposed and was granted on November 20, 1989. The Amended Specific

Charges were thereafter served on Mr. Colson and his counsel, as well as on Sierra Vista.'' (Citations to record omitted.)

At the hearing, petitioner moved to dismiss the complaint on the basis that BOLI lacked authority to proceed against him, because it had issued the administrative determination (determination) to Sierra Vista Care Center (Sierra) rather than to him. BOLI denied petitioner's motion to dismiss.[1] It concluded, in part:

" 'Sierra Vista Care Center' is an assumed business name, and is the entity filed against, or a 'respondent' [under] ORS 659.010(13). Sierra Vista was the Complainant's place of employment, was the entity named in the administrative complaint, and was the entity with which the Agency dealt throughout its initial investigation. During that investigation, the Agency had communicated with Sierra Vista through at least three persons who acted for that entity with apparent authority to do so. They were the

[1] Regarding the motion to dismiss, BOLI found:

"a) Following the filing of the complaint, the Agency sent a 'notification letter' together with a copy of the complaint to Loretta Androes, Administrator of Sierra Vista Care Center. The letter notified Ms. Androes that Complainant had filed the complaint, and requested that she submit a written response to the complaint.

"b) The Agency's practice is to request a report on the status of the respondent named in a complaint from the State Corporation Division within 30 days after a complaint is filed. The report received in this case identified Sierra Vista Care Center as the assumed business name of William E. Colson, naming him as registrant and as the authorized representative.

"c) About December 7, 1987, a letter to the Agency in response to the allegations in the complaint was submitted by Susan Fenderson as Director of Nursing at Sierra Vista. Ms. Fenderson did not object to the complaint being directed to Sierra Vista, either in her letter or in her subsequent dealings with Agency personnel.

"d) In June, 1988 the Agency investigator attempted to deal with Ms. Fenderson, who referred her to Ms. Van Gent, the new Administrator. Ms. Van Gent did not direct the investigator to Mr. Colson or any other person in his business organization. She made Sierra Vista's records available and discussed settlement of the complaint with the investigator. The matter was not settled, but Ms. Van Gent did not indicate that she had no authority to settle. The Agency relied on the apparent authority of Sierra Vista personnel.

"e) Mr. Colson testified that he had not given Ms. Van Gent express authority to receive documents in legal matters, and that when she received the Determination, she should have forwarded it on to his Regional Manager for resolution or forwarding to Mr. Colson. Mr. Colson first became aware of the Administrative Determination during the summer of 1989 when the Agency issued its Specific Charges naming Sierra Vista as respondent.'' (Citations to record omitted.)

original Administrator, her successor, and the Director of Nursing. All were Mr. Colson's agents and none had objected on the ground that the Agency's actions were misdirected. From the standpoint of 'notice,' the Agency's directing of the Determination to Sierra Vista was notice to Respondent of the Agency's Determination regarding the complaint. The Determination was 'issued' within the meaning of ORS 659.095 when it was mailed to Sierra Vista.

"* * * * *

"Respondent has not claimed or shown any prejudice as being due to the time at which he learned of the Determination or to the time at which he was named as Respondent in the Amended Specific Charges."

■■   Petitioner argues that BOLI misinterpreted ORS 659.095 when it concluded that the issuance of the determination to Sierra constituted notice to him. Because petitioner does not question any of BOLI's findings regarding this assignment of error, we review to determine only whether BOLI erroneously interpreted a provision of law. ORS 183.482(8)(a).

ORS 659.095 provides, in part:

"Within one year following the filing of the complaint, the commissioner may issue, or cause to be issued, an administrative determination. If no administrative determination has been issued at the end of the one-year period, the commissioner has no further authority to continue proceedings to resolve the complaint * * *.

"(2)   As used in this section, *administrative determination' means a written notice to the respondent* and the complainant signed by the commissioner, or the commissioner's designee, which includes [certain information] * * *." (Emphasis supplied.)

ORS 659.095 was amended in 1979 to provide for the existing procedure. Or Laws 1979, ch 843, § 1. The purpose was to remedy the large backlog of cases in the Civil Rights Division and to put the agency under a time schedule so that cases could be investigated as quickly as possible, before it would become difficult for witnesses to remember important information. Minutes, Senate Committee on Labor, Consumer and Business Affairs, June 5, 1979, p 5; Minutes, House Committee on Labor, June 22, 1979, p 1; Exhibit B, Senate

Committee on Labor, Consumer and Business Affairs, June 5, 1979, p 1. The parties have not cited, nor have we found, any legislative history that demonstrates that the legislature intended strict compliance with technical notice requirements. In the absence of such history, we conclude that the objective of ORS 659.095 is to give a respondent sufficient notice to enable it to respond to the allegations in the determination.

Pursuant to the authority granted to BOLI under ORS 659.103, it adopted OAR 839-03-110(8), which explains the procedure for mailing a notice.[2] The determination was not mailed to the addresses specified in the rule. We determine whether there was substantial compliance with the statute, despite BOLI's lack of compliance with OAR 839-03-110(8). In *Brown v. Portland School Dist. #1*, 291 Or 77, 81, 628 P2d 1183 (1981), the court said:

> "The sufficiency of the notice given must be determined with the object of the statute in mind and technically deficient claims should not be barred where the purpose of the statute is served. *Sprague [v. Astoria*, 100 Or 298, 304-05, 195 P 789 (1921)]. The doctrine of substantial compliance has previously been used by this court to avoid the harsh results of insisting on literal compliance with statutory notice provisions where the purpose of these requirements has been met."

Substantial compliance with a statute depends on the facts of each particular case. *Rogers v. Roberts*, 300 Or 687, 692, 717 P2d 620 (1986). All unchallenged findings are the facts for purposes of judicial review. *Jefferson County School Dist. No. 509-J v. FDAB*, 311 Or 389, 393 n 7, 812 P2d 1384 (1991). BOLI's unchallenged findings demonstrate that the determination order was sent to Sierra.[3] Thereafter, and

---

[2] OAR 839-03-110(8) provides:

" 'Notice' means written information sent by mail or delivered personally. If such notice is mailed, it will be directed to the person's last known personal or business address or the address of the person's designated representative."

[3] In an unlawful employment action under ORS 659.010 *et seq*, the commissioner must notify the person against whom the complaint is filed within 30 days after a complaint is filed. *See* ORS 659.040(4). After a determination under ORS 659.095 has been issued, the commissioner may issue specific charges and hold a contested case hearing in conformity with ORS 183.310 to 183.550 after giving notice. *See* ORS 659.060. Petitioner does not dispute that Sierra received notice of the complaint, the determination and the specific charges.

before the hearing, Sierra and petitioner received notice of the specific charges. Sierra's director of nursing submitted a letter to BOLI responding to the allegations in the complaint, and Sierra's new administrator made its records available and discussed settlement of the complaint with the investigator from BOLI. Moreover, petitioner does not dispute BOLI's finding that he did not show or claim any prejudice. *See Marcoules v. OLCC*, 91 Or App 573, 756 P2d 661 (1988); *see also* ORS 183.413(4).[4] Under these circumstances, we hold that BOLI's actions were sufficient to satisfy the statutory purpose of ORS 659.095.

■ Petitioner also argues that BOLI erred by refusing to offset respondent's unemployment compensation against the award of lost wages that respondent received. BOLI did not err. *See German Auto Parts v. Bureau of Labor and Ind.*, 111 Or App 522, 826 P2d 1026 (1992).

Petitioner's other assignments of error do not require discussion.

Affirmed.

---

[4] ORS 183.413(4) provides:

"The failure of an agency to give notice of any item specified in subsections (2) and (3) of this section, shall not invalidate any determination or order of the agency unless upon an appeal from or review of the determination or order a court finds that the failure affects the substantial rights of the complaining party. In the event of such a finding, the court shall remand the matter to the agency for a reopening of the hearing and shall direct the agency as to what steps it shall take to remedy the prejudice to the rights of the complaining party."