Argued and submitted September 4, 1992; resubmitted In Banc January 6, affirmed
February 17, reconsideration denied March 17, petition for review denied
June 22, 1993 (317 Or 163)

STATE OF OREGON,
*Respondent,*

*v.*

PETER ALEXANDER VANDEPOLL,
*Appellant.*

(C910453CR, C910454CR;
CA A72073 (Control), A72074)

846 P2d 1174

Michael Curtis, Portland, argued the cause and filed the brief for appellant.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Michael C. Livingston, Assistant Attorney General, Salem.

ROSSMAN, P. J.

De Muniz, J., dissenting.

## ROSSMAN, P. J.

Defendant appeals his convictions on two counts of driving while revoked and two counts of driving while a habitual traffic offender. ORS 811.182(1); *former* ORS 811.185(1).[1] He contends that the trial court erred by admitting evidence that his license had been revoked because the notice that the Motor Vehicles Division (MVD) had sent him about the revocation hearing was defective. We affirm.

■    On March 7, 1988, MVD sent defendant a notice informing him that his driving privileges would be revoked because he was a habitual traffic offender. The notice read, in part:

"You have the right to a hearing under the Administrative Procedures Act. Requests must be in writing and received by the Hearings Branch within 20 days of the date of this notice. * * * If you request a hearing, this action will be withdrawn pending the outcome of the hearing."

Defendant did not request a hearing, and MVD issued an order on April 6, 1988, that revoked his driving privileges. On February 5, 1991, Deputy Lenehan stopped defendant and arrested him for driving while revoked and driving while a habitual offender. Defendant was charged with two counts of each offense.[2] The cases were consolidated, and defendant was convicted on all charges.

Defendant first contends that the court erred by admitting evidence that his driver's license had been revoked because the revocation notice failed to apprise him that he would waive his right to a hearing if he did not timely request one. At the time MVD sent the notice, *former* ORS 809.620 provided, in part:

"(2)   A notice [that a persons's driving privileges will be revoked because the person is an habitual traffic offender] *shall inform the person of all the following:*

"* * * * *

"(d)   That the person may only obtain a hearing if the person requests, in writing, a hearing within 20 days from the date the notice was sent.

---

[1] ORS 811.185(1) was repealed by Or Laws 1991, ch 208, § 1.

[2] Defendant does not challenge the lawfulness of the stop, the arrest or the number of charges brought against him.

"(e) That the right to a hearing is *waived* if the person does not request a hearing within the time required."[3] (Emphasis supplied.)

*Former* ORS 809.620 did not provide that MVD's revocation notice "shall contain," "shall separately state" or "shall expressly state" the material outlined in the statute. All it required was that the notice *"inform* the person" of that material. In this case, the notice sent to defendant did that.[4] As the trial judge aptly recognized:

"I just, you know, went through this notice and compared it against all the points that [defendant] raised. My reaction is that *all the information you need is there* and, quite frankly, *although it doesn't say if you don't request a hearing you've waived that right within 20 days, certainly implicit in the information imparted in this notice is the understanding that the request must be in writing [and] received by the hearings officer within twenty days. My understanding is if you don't make that request, you don't have a hearing."* (Emphasis supplied.)

We agree with the trial judge's reasoning. The notice tells the recipient that a request for a hearing must be received within 20 days and that if a request is received, the revocation action will be withdrawn pending the outcome of the hearing. The obvious implication of the two sentences is that the recipient loses the right to a hearing if he does not make a timely request.

■■ At the very least, the revocation notice substantially complied with the requirements of *former* ORS 809.620(2). The doctrine of substantial compliance is used by Oregon courts "to avoid the harsh results of insisting on literal compliance with statutory notice provisions where the purpose of these requirements has been met." *Brown v. Portland School Dist. #1*, 291 Or 77, 81, 628 P2d 1183 (1981).[5] It

---

[3] ORS 809.620 was repealed by Or Laws 1991, ch 702, § 20.

[4] Judge Gillette, dissenting in *State v. Atkinson*, 305 Or 295, 304, 751 P2d 784 (1988), wrote:

"As long as a notice *correctly* informs a person that he has twenty days in which to challenge the basis for the suspension or revocation of his license, nothing else in such a notice justifies trashing it." (Emphasis in original.)

[5] *Brown* noted that the theory of substantial compliance had been applied in the context of notice requirements in various statutory schemes. 291 Or at 80 n 2; *see Stroh v. SAIF*, 261 Or 117, 492 P2d 472 (1972); *School Dist. #1 v. Rushlight & Co.*,

requires the court to determine the sufficiency of the notice given in light of the statute's objectives and to ignore claims of technical deficiency when the purpose of the statute is served. *Rogers v. Roberts*, 300 Or 687, 691-92, 717 P2d 620 (1986); *Brown v. Portland School Dist. #1, supra*, 291 Or at 81; *Colson v. Bureau of Labor and Ind.*, 113 Or App 106, 111, 831 P2d 706 (1992).[6] It is apparent from the language of *former* ORS 809.620(2) that its purpose was to require the state to *inform* licensees of the information outlined in the statute. For the reasons stated by the trial court in the passage quoted above, we believe that that purpose was achieved.

■    Defendant also contends that the revocation notice was invalid because it failed to comply with the content-of-notice provisions of ORS 183.415. Defendant argues that ORS 183.415 was made applicable by ORS 809.640(4),[7] which, at the time the notice was sent, provided:

"(4)  *Except as otherwise provided in this section*, a hearing [on a proposed habitual traffic offender revocation] shall be conducted as a contested case under ORS 183.310 to ORS 183.550." (Emphasis supplied.)

The required contents of the revocation notice were, however, "otherwise provided" for by ORS 809.640(1)(b):

"(1)  When [MVD] determines from the driving record of a person as maintained by [MVD] that a person's privileges are required to be revoked under [*former*] ORS 809.600, [MVD] shall do the following[, in addition to revoking the person's driving privileges]:

---

232 Or 341, 375 P2d 411 (1962); *Cross et. ux. v. Harris*, 230 Or 398, 370 P2d 703 (1962); *Loe et. ux. v. Lenhard et. al.*, 227 Or 242, 362 P2d 312 (1961); *Sprague v. Astoria*, 100 Or 298, 195 P 789 (1921). Recently, we applied the doctrine of substantial compliance in a case involving the notice provisions of an unlawful employment practices statute. *Colson v. Bureau of Labor and Ind.*, 113 Or App 106, 111, 831 P2d 706 (1992).

[6] Substantial compliance with a statute depends on the facts of each case and requires "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Rogers v. Roberts, supra*, 300 Or at 691.

[7] ORS 809.640 was amended by Or Laws 1991, ch 702, § 12a. It now provides:

"When the division determines from the driving record of a person as maintained by the division that a person's driving privileges are required to be revoked as a habitual offender under ORS 809.600, the division shall revoke the driving privileges of the person. A person is entitled to administrative review of a revocation under this section."

· "(b) *Notify the person, as provided under [former] ORS 809.620,* of the revocation and of the person's right to a hearing as provided under this section." (Emphasis supplied.)

Furthermore, defendant fails to explain why the legislature would enact *former* ORS 809.620(2), with notice requirements specific to a license revocation hearing for habitual offenders, and ORS 183.415, which provides generally for the notice requirements in a contested case hearing, and intend that ORS 183.415 prescribe the notice requirements for the revocation hearing. In light of the maxim of statutory construction that specific statutes control general statutes on the same subject, *Davis v. Wasco IED*, 286 Or 261, 593 P2d 1152 (1979); *State v. Way*, 62 Or App 459, 462, 660 P2d 1087 (1983); *Skinner v. Keeley*, 47 Or App 751, 758, 615 P2d 382 (1980), we conclude that the revocation notice only needed to comply with the requirements of *former* ORS 809.620(2).

Affirmed.

**De MUNIZ, J.,** dissenting.

The majority concludes that the revocation notice that MVD sent defendant "substantially complied with the requirements of *former* ORS 809.620(2). 118 Or App at 196. The revocation notice that MVD sent defendant did not comply with the requirements of *former* ORS 809.620(2), and the trial court erred by admitting evidence that his license had been revoked. Accordingly, I dissent.[1]

At the time MVD sent defendant the notice, *former* ORS 809.620(2) provided:

"A notice [that a person's driving privileges will be revoked, because the person is an habitual traffic offender] *shall inform the person of all the following*:

"* * * * *

"(d) That the person may only obtain a hearing if the person requests, in writing, a hearing within 20 days from the date the notice was sent.

---

[1] I agree with the majority that ORS 183.415 has no application to this case.

"(e) That the right to a hearing is waived if the person does not request a hearing within the time required."[2] (Emphasis supplied.)

I have no quarrel with the doctrine of substantial compliance. However, the state and the majority concede that the revocation notice said nothing about waiving the right to a hearing. It did say that "[r]equests must be in writing and received by the Hearings Branch within 20 days of the date of this notice." That part of the notice satisfied the requirement of subsection (d), and that is all it did.

The majority asserts that the notice also conveyed the "obvious implication * * * that the recipient loses the right to a hearing if he does not make a timely request." 118 Or App at 196. In essence, the majority concludes that compliance with subsection (d) automatically constitutes compliance with subsection (e). That conclusion renders subsection (e) a nullity and violates a cardinal rule of statutory construction — "where there are several provisions [we] will give effect to all." ORS 174.010. The fact that the legislature enacted subsections (d) *and* (e) reveals that it recognized that a recipient of that notice might not make the inference that the majority presumes would be made. The legislature intended to require MVD to furnish more information than was required only by subsection (d). The statute did not require a driver to make any inference or to anticipate any information that was missing from the required notice. It unambiguously required a revocation notice to include *all* of the information listed in *former* ORS 809.620(2).

In *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), the court held that the driver could not be convicted of driving while revoked if MVD's revocation notice did not adequately inform him of his rights regarding a revocation hearing. The court emphasized:

"We [will not make] an assumption about what defendant would have done had he been fully and accurately informed about the avenues of recourse." 297 Or at 609.

The majority makes an assumption that the Supreme Court has said it would not make. We should not, either. When the

---

[2] ORS 809.620 was repealed by Or Laws 1991, ch 702, § 20.

legislature gives a nondiscretionary command in unambiguous language, we should presume that it intended the plain meaning of the words in its edict. *Former* ORS 809.620(2) meant what it said.

The revocation notice that MVD sent to defendant did not say that defendant would waive the right to a hearing if he did not make a timely request for one. Because the difference between subsections (d) and (e) of *former* ORS 809.620(2) are subtle, a miss is as good as a mile in this case. The notice that MVD sent defendant did not comply with the statute, nor did it substantially comply. The habitual traffic offender order was void. The court erred by denying defendant's motion *in limine* to exclude evidence that his license had been revoked. *State v. Harper*, 91 Or App 239, 754 P2d 916 (1988); *State v. Hardt*, 81 Or App 607, 726 P2d 953, *mod* 83 Or App 221, 730 P2d 1278 (1986), *rev den* 303 Or 73 (1987). Defendant could not be convicted of driving while revoked or driving while a habitual traffic offender on the basis of the faulty revocation notice that MVD sent him.

Durham, J., joins in this dissent.