Argued and submitted March 31, reversed and remanded June 9, reconsideration denied September 22, petition for review denied October 26, 1993 (318 Or 26)

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM DENNIS KELLER,
*Respondent.*

(92-CR-0026-15; CA A75522)

854 P2d 472

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ingrid MacFarlane, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender, Salem.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

PER CURIAM

**PER CURIAM**

Defendant was indicted for felony driving while suspended or revoked. ORS 811.182. Before trial, he moved to exclude evidence of his license revocation as a habitual traffic offender. The trial court granted the motion, and the state appeals. ORS 138.060(3). We reverse.

Defendant based his motion on two grounds: (1) that the notice sent by the Motor Vehicles Division (MVD) for the revocation failed to comply with certain notice requirements of the Administrative Procedures Act, specifically ORS 183.415(2)(c); (2) that the notice also failed to comply with due process. The trial court granted the motion on the first ground, although it relied on ORS 183.415(2)(d). In *State v. Vandepoll*, 118 Or App 193, 197, 846 P2d 1174 (1993), we held that ORS 183.415 does not apply to a license revocation notice issued by MVD. The trial court erred in holding that it did.

Because the trial court granted the motion on the statutory ground, it did not address defendant's due process argument. Normally, we would remand to the trial court to determine that issue in the first instance. However, because defendant raised that argument below and the parties thoroughly brief it on appeal, we consider the merits. Having reviewed the contents of the revocation notice, we conclude that it satisfied due process requirements. *See Bell v. Burson*, 402 US 535, 91 S Ct 1586, 29 L Ed 2d 90 (1971); *State v. Jones*, 76 Or App 157, 708 P2d 1168 (1985).

Reversed and remanded.