Argued January 26, affirmed February 16, rehearing denied March 16, 1926.

## FLORENCE L. TOON v. WAPINITIA IRRIGATION COMPANY.

### (243 Pac. 554.)

**Pleading—Defects of Complaint Cured by Answer.**
1. In action on interest coupons, any defects of complaint in allegations as to execution and delivery *held* cured by answer.

**Bills and Notes—Allegation of Circumstances Under Which Title to Instrument Payable to Bearer was Obtained not Necessary.**
2. In action on instrument payable to bearer, allegation that plaintiff is bearer or owner and holder is sufficient, and circumstances under which title was acquired need not be alleged.

**Bonds—Holder in Due Course of Interest-bearing "Coupon" may Maintain Action for Collection Thereof.**
3. Holder in due course, under Section 7844, Or. L., of an interest-bearing coupon may maintain action for · collection thereof; "coupon" being a certificate of interest due, printed at bottom of transferable bond, given for term of years, designed to be cut off and presented for payment when interest is due.

---

1. See 21 R. C. L. 492.

Bonds—Coupon Bond, Payable to Bearer, is Negotiable, and Holder
  Before Due, for Valuable Consideration, Without Knowledge
  of Defect, has Good Title.

4. A coupon bond, payable to bearer, is negotiable, and one
taking it before due, for valuable consideration, without knowledge
of defect to title, and in good faith, has sufficient title agaist
all the world.

Bonds—Possession of Coupon, Payable to Bearer, Raises Presump-
  tion of Ownership as Bona Fide Holder, and Places Burden
  of Proof on One Attacking Validity.

5. Possession of coupon, payable to bearer, raises a presumption
of ownership as *bona fide* holder, and places burden of proof upon
one attacking validity in respect to ownership, *bona fide* holding,
consideration, notice and existence of all conditions necessary to
maintain action.

Bonds—Evidence Sufficient to Sustain Finding That Holder of In-
  terest Coupons, Payable to Bearer, was Holder in Due Course.

6. In action on interest coupons of irrigation bonds payable to
bearer, evidence *held* to sustain finding, which, under Section 159,
Or. L., is deemed a verdict, that plaintiff was holder in due course
under Section 7844.

Bonds—Printed "Signature" on Interest Coupon is Sufficient.

7. A printed signature, attached to an interest coupon payable
to bearer, is sufficient; "signature" including any name, mark or
sign written with intent to authenticate any instrument or writing,
under Section 2400, Or. L.

Bonds—That Purchase of Interest Coupons was for Less Than Par
  Value is No Defense.

8. In action on interest coupons of irrigation bonds payable to
bearer, defended on ground that bonds had been unlawfully and
fraudulently disposed of by trustee, and that plaintiff took coupons
with knowledge and without consideration, that coupons were pur-
chased for somewhat less than two-thirds of their par value *held*
no defense.

Appeal and Error, 4 C. J., p. 876, n. 78.
Bills and Notes, 8 C. J., p. 465, n. 21, p. 889, n. 72, 73, p. 1005,
n. 1 New, p. 1011, n. 61.
Bonds, 9 C. J., p. 47, n. 59, p. 49, n. 81, p. 79, n. 62, p. 84, n. 32.
Coupons, 15 C. J., p. 676, n. 43.
Pleading, 31 Cyc., p. 715, n. 57.
Signatures, 36 Cyc., p. 448, n. 11, p. 452, n. 32.

From Multnomah: Robert Tucker, Judge.

Department 2.

This is an appeal from a judgment in favor of the
plaintiff in the amount of $1,204.20, being money due

4.  See 4 R. C. L. 59.
5.  See 10 R. C. L. 877.

as interest on thirty interest coupons payable to bearer, issued by the defendant, Wapinitia Irrigation Company, a corporation. The plaintiff alleges, among other things, her residence in Multnomah County, Oregon, and that the defendant is a corporation organized under the laws of Oregon, with its principal place of business in Portland. She alleges:

"That prior to the 1st day of October, 1921, and ever since said time, the plaintiff has been and now is the owner and holder of a certain interest coupon of the said defendant, being in words and figures as follows, to wit:

" 'No. 2.

" 'Wapinitia Irrigation Company will pay to bearer on October 1, 1921, at the office of J. L. Hartman, Trustee, in Portland, Oregon, Forty Dollars and Fourteen Cents ($40.14), in United States Gold Coin, being the interest on First Mortgage Bond No. 1, and Interest Coupon No. 6.

" '(Sgd.)    E. E. Miller,
" 'Treasurer,
" '$40.14.' "

She avers demand of payment and defendant's failure to redeem its coupon, and alleges that there is now due and owing her from the defendant the sum of $40.14. She then alleges twenty-nine like statements, making, in all, thirty causes of action, each based upon an alleged interest coupon, which coupons purport to be the interest coupons for bonds numbered 1 to 30, respectively, of the defendant company.

The court overruled defendant's demurrer to the complaint. The defendant, answering, denied the allegations contained in paragraphs 2 and 3, and as affirmative defenses, pleaded:

"That each and all of the thirty instruments set forth and sued upon in plaintiff's amended complaint were, on or about the —— day of September, 1914, delivered to one J. C. Bayer, the trustee; * * that thereafter the said J. C. Bayer * * fraudulently and unlawfully delivered said instruments, and each and all of them, to one Joseph R. Keep; * * that said Keep never gave anything of value for said instruments, or either or any of them, but obtained the same without consideration and in fraud; * * and said Joseph R. Keep * * had no right to the possession of said instruments * * , and was never the owner or lawful holder of said instruments. * * "

The defendant further avers:

"That plaintiff claims to have the possession of said instruments * * ; and defendant alleges that if she does have possession of said instruments . or either or any of them, she secured the same from said Joseph R. Keep, and that, at and prior to the delivery thereof to her, she knew that the said Joseph R. Keep was the lawful owner or holder of said instruments."

As a second affirmative defense the defendant avers that, if the plaintiff possessed the instruments described in her complaint, such possession was without any consideration.

The case was tried by the court, without the intervention of a jury. At the conclusion of plaintiff's testimony the defendant moved the court for a directed verdict, which motion was denied. The court found, in effect, that the plaintiff was the owner. and holder in due course of the above-described interest coupons executed and issued by the defendant, which coupons were of the par value of $1,204.20; that the plaintiff had demanded payment of the coupons from the defendant, and that defendant had neglected and refused to pay the amount due thereon. As a con-

clusion of law, the court found that the plaintiff was entitled to judgment against the defendant in the sum of $1,204.20, with interest thereon. Judgment was entered accordingly.

In its appeal, the defendant relies chiefly upon the alleged failure of the court to find that there was no evidence of the execution by the defendant, Wapinitia Irrigation Company, of the thirty interest coupons forming the basis of this action, and upon its failure to find that there was no evidence connecting defendant with the existence of these coupons.          AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Harry J. Hoy.*

For respondent there was a brief and oral argument by *Mr. John A. Mears.*

BROWN, J.—Our Code provides that, in cases tried to the court without a jury, "the finding of the court upon the facts shall be deemed a verdict.* * *" Section 159, Or. L.

1. The defendant contends in its brief that the complaint is insufficient to charge it with the execution and delivery of the alleged coupons. The complaint was not carefully prepared. But, if defendant's criticism be just, whatever defects it contains in the matter of the absence of allegations with reference to the existence of the securities have been cured by answer. In 14 Encyclopedia of Pleading and Practice, page 264, note, are quoted comments from the opinion in the case of *In re Donaldson* v. *Butler County,* 98 Mo. 163 (11 S. W. 572), which is applicable to the situation here. That was an action predicated upon a municipal coupon. In its

decision the court held that the petition should show authority for the issuance of the instruments in suit, but that the defect was cured by answer. The following quotation therefrom is quite pertinent:

"The petition in this case is so defective that it would not support a judgment as against a motion in arrest, unless aided by the answer. The question then is, whether the answer cures the defect. It denies that plaintiff is a holder of the coupons for value, and denies that defendant is, or ever was, liable for the payment of the coupons. It alleges that the bonds were satisfied and defendant released from the payment of them before they became due and before the plaintiff became possessed of the coupons, and inferentially charges him with notice of these alleged facts. The bonds are spoken of as public securities of the county prior to the alleged discharge of the county from liability thereon. Construing this answer as a whole, we take it to admit that the bonds were valid at their inception, but to claim that they ceased to be of any validity by reason of the discharge which was made matter of record in the county court. Not that the answer makes expressly any such admission, but that it is necessarily implied from what is stated. This being so, it cures the defect in the petition: *Garth* v. *Caldwell,* 72 Mo. 622."

In this jurisdiction it is a well-settled rule of pleading that, where the plaintiff omits necessary averments from his complaint, which averments are supplied by defendant in his answer, the defect is cured: *Treadgold* v. *Willard,* 81 Or. 658 (160 Pac. 803).

2. Defendant asserts that plaintiff cannot prevail because she failed to allege the circumstances under which she acquired her title. In this the defendant is in error. Under well-supported rules of pleading, this is not a requisite. In an action on an instrument made payable to bearer, it is sufficient if

the plaintiff allege that he is the bearer or owner and holder thereof: 14 Am. & Eng. Ency. of Plead. & Prac. 525.

3, 4. The defendant treats the coupons sued upon as thirty existing coupons, but makes the defense that they were procured by plaintiff through fraud. It alleges that they were delivered to J. C. Bayer, Trustee, to be held by him in such capacity for the benefit of the persons holding bonds of the Eastern Irrigation Power & Lumber Company, and then avers that each of these coupons was delivered to Joseph R. Keep; that, if the plaintiff possessed the coupons, she obtained possession of them from Keep, who was not the lawful owner and holder thereof, and that "she never paid anything whatever for the same or either or any of them, * * on account of the delivery to her of said instruments."

Section 7844, Or. L., defines a "holder in due course" as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions: (1) that it is complete and regular upon its face; (2) that he became the holder of it after it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

A holder in due course of an interest-bearing coupon may maintain an action for the collection thereof.

Webster's New International Dictionary thus defines the term "coupon":

"Coupon: A certificate of interest due, printed at the bottom of transferable bonds, given for a term

of years, designed to be cut off and presented for payment when the interest is due."

For other definitions and a discussion of the nature and principles of law relating to the collection of coupons, see *Aurora* v. *West,* 7 Wall. 82 (19 L. Ed. 42, see, also, Rose's U. S. Notes); *Tennessee Bond Cases,* 114 U. S. 663 (29 L. Ed. 281, 5 Sup. Ct. Rep. 974); *Nesbit* v. *Independent District of Riverside,* 144 U. S. 610 (36 L. Ed. 562, 12 Sup. Ct. Rep. 746); *Benwell* v. *City of Newark,* 55 N. J. Eq. 260 (36 Atl. 668); 2 Daniel on Negotiable Instruments (6 ed.), § 1486 et seq.

It is authoritatively settled that a coupon bond payable to bearer, such as the thirty instruments in the instant case, is a negotiable instrument, and that the person who takes it before due, for a valuable consideration, without knowledge of any defect of title, and in good faith, holds it by a good and sufficient title against all the world: 2 Daniel on Negotiable Instruments (6 ed.), §§ 1500, 1503; *Murray* v. *Lardner,* 2 Wall. 110 (17 L. Ed. 857).

5. The testimony of plaintiff, corroborated by that of other witnesses, is to the effect that she is a holder in due course, as that term is defined by the section of our negotiable instruments law just quoted, and her testimony remains undisputed. The defendant alleged that the plaintiff was not a holder in due course, but offered no proof in support of such allegation.

Possession of a coupon payable to bearer raises a presumption of ownership as a *bona fide* holder: 2 Ency. of Evidence, p. 573. Moreover, the possession of negotiable instruments in due form not only establishes in favor of the holder thereof a *prima facie* case in an action upon them, but places the

burden of proof upon the one attacking their validity in respect to ownership, *bona fide* holding, consideration, notice and the existence of all conditions necessary to enable him to maintain the action: Abbott, Public Securities, § 400. From a recognized authority on negotiable instruments, we quote the following:

"The mere possession of a negotiable instrument, produced in evidence by the indorsee, or by the assignee where no indorsement is necessary, imports *prima facie* that he acquired it *bona fide* for full value, in the usual course of business, before maturity, and without notice of any circumstances impeaching its validity; and that he is the owner thereof, entitled to recover the full amount against all prior parties. In other words, the production of the instrument and proof that it is genuine (where indeed such proof is necessary), *prima facie* establishes his case; and he may there rest it." 1 Daniel on Negotiable Instruments (6 ed.), § 812.

6. In view of the record, we have no right to say that the findings of the court were made in absence of sufficient evidence. The answer avers that the identical negotiable securities in controversy came into the possession of J. C. Bayer. Bayer testified that there came into his possession $15,000 worth of the defendant's bonds, numbered 1 to 30, and that the coupons were then attached to the bonds. He further testified that the bonds and coupons were delivered by him into the possession of Keep. The testimony shows that the plaintiff purchased these interest-bearing coupons from Keep and paid him $725 therefor. These coupons purport to have been cut from First Mortgage Bonds of the defendant, numbered 1 to 30, inclusive. The validity of the coupons has never been disputed. They were pre-

sented to the payor named therein, who refused payment but never questioned their legality. They were likewise presented to E. E. Miller, treasurer, in the office of the company, and he made no comment but ushered the witness into the presence of the company's attorney, saying "that the Company was a going concern; that they were willing to pay the coupons if the creditors didn't object"; whereupon the attorney for the company said, "I do object." But he raised no question concerning the legal existence of the coupons. These coupons could not prove their own validity over a denial of their execution or existence. But that is not the question at issue. They have been cut from duly executed bonds, and their existence is shown by the record. The defendant's contention is that plaintiff is not a holder in due course of the coupons forming the basis of this action, and that contention has already been met.

7. The defendant says that the signature attached to the coupons is only a printed signature.

"The term 'signature' includes any name, mark, or sign written with intent to authenticate any instrument or writing." Or. L., § 2400.

Now, taking up the defendant's assertion that exhibit "A," constituting the thirty interest coupons, was not received in evidence: During the trial that question was raised and the court admitted the coupons into the record as evidence, saying, "Yes, I will consider them in evidence, because I am satisfied that was the intention."

8. That the plaintiff paid less than par value for the coupons is not a valid defense to this action. The fact that the coupons were transferred for a consideration much less than their par value might

be an evidentiary circumstance to be considered in determining plaintiff's good faith. Too frequently, however, is the par value of bonds far in excess of their market value, and we are not shown but what the price paid for the coupons was the fair market value thereof.

This case should be affirmed. It is so ordered.

                    AFFIRMED.    REHEARING DENIED.


McBRIDE, C. J., and RAND and BELT, JJ., concur.