Argued and submitted February 22, affirmed December 8, 1993, reconsideration
denied February 23, petition for review denied April 5, 1994 (318 Or 582)

Ted W. BENNETT, O.D.,
*Petitioner,*

*v.*

BOARD OF OPTOMETRY,
*Respondent.*

(CA A74344)

865 P2d 362

Gail L. Meyer argued the cause for petitioner. With her on the brief were Marc D. Blackman and Ransom, Blackman & Weil.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, J.

Durham, J., dissenting.

## DEITS, P. J.

Petitioner seeks review of an order of the Board of Optometry that revoked his license to practice optometry, as well as the Board's order that denied his request for reconsideration. We affirm.

In May, 1991, the Board received information that two women patients had complained about petitioner's unprofessional behavior during their optometry exams. The Board investigated the complaints and, on July 11, 1991, it served petitioner with a suspension order and a notice of intent to revoke his license pursuant to ORS 183.430(2) and ORS 683.140. The notice advised petitioner of his right to a contested case hearing if a request for hearing was made in writing within 21 days of the date of service. The notice also stated that if a request was not received, "licensee's right to a hearing under ORS chapter 183 and OAR chapter 137 will be waived" and that "[f]ailure to deny or defend these allegations will result in waiver and admission of the allegations."

On July 19, petitioner, on his own behalf, wrote to the Board, stating:

"Enclosed is my licence [sic], surrendered to you.

"I do not deny these allegations.

"I apologize to these patients, to the board and to the profession. My only defense is that I have been suffering some severe emotional turmoil. Accordingly, I request that you consider granting me an inactive status licence [sic] rather than a permanent revocation, so that I can pursue treatment."

He attached his certificate of registration with the Board to the letter.

The Board responded to petitioner's letter by letter of August 27. It offered to petitioner what it characterized as a stipulation in lieu of revocation of his license.[1] Under the

---

[1] OAR 137-03-002 permits the informal disposition of contested case hearings. It provides, in part:

"(3) Unless precluded by law, informal disposition may be made of any contested case by stipulation, agreed settlement, consent order, or default. Informal settlement may be made in license revocation proceedings by written agreement of the parties and the agency consenting to a suspension, fine, or other form of intermediate sanction." *See, e.g., Gill v. Director of Dept. of Ins. and Finance*, 107 Or App 669, 813 P2d 564 (1992).

Board's stipulation, petitioner would admit the alleged conduct, agree to apologize to the patients involved in the incidents and to seek counseling in exchange for a two-year suspension, with reinstatement available if the terms of the stipulation were fulfilled. The Board's letter advised petitioner that, if the stipulation was not acceptable, he could still request a hearing on the license revocation. Petitioner, through his attorney, responded by offering to agree to a modified stipulation, in which he did not admit the allegations, but admitted that there were "adequate grounds to limit his practice of optometry in the State of Oregon."

By letter of October 25, 1991, the Board rejected petitioner's proposed alternate stipulation. It advised him that it was reopening the time in which he could accept the proposed stipulation and that he had seven business days from the date of this letter to sign and review the original stipulation. Otherwise, the Board stated, it would issue a final order based on petitioner's default on the Notice of Intent to Revoke License.

Petitioner, through his attorney, responded by letter of November 1, refusing to sign the Board's proposed stipulation, because there were criminal charges pending regarding the same conduct with which the Board was concerned. He contended that if he agreed to the stipulation that would "constitute an abandonment of his privilege against self-incrimination." He also asserted that the Board could not enter a default order, because he had requested a contested case hearing in his July 19 letter to the Board. Alternatively, petitioner requested the Board to grant him a hearing, even if the request was untimely based on a "showing of good cause."

On December 4, the Board informed petitioner that, because he did not accept the stipulation, it would issue a final order of default revoking his license at a meeting on December 13, 1991. The meeting was held as scheduled, and a *prima facie* case was presented against petitioner. On January 24, 1992, the Board issued a final order of default revoking petitioner's license to practice optometry. It found that petitioner's letter of July 19 did not constitute a request for a hearing, that there was not good cause for the Board to extend

the time that petitioner could request a hearing[2] and that petitioner committed "unprofessional conduct involving moral turpitude." Petitioner requested reconsideration of the Board's order, which was denied.

■ ■    Petitioner first argues that the Board wrongfully denied him a contested case hearing. Under ORS 683.155, petitioner is entitled to an opportunity for a contested case hearing in accordance with the Administrative Procedures Act (APA) before his professional license may be revoked. The pertinent provision of the APA, ORS 183.415(1), provides:

"In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail."

The procedural rules governing requests for a contested case hearing provide:

"Except as otherwise required by law, the contested case notice shall include a statement that *if a request for hearing is not received by the agency within 21 days of the date of mailing or other service of the notice, the person shall have waived the right to a hearing under ORS chapter 183*, except as provided in OAR 137-03-075(6) and (7)."[3] (Emphasis supplied.)

The Board complied with the applicable statutes and rules in notifying petitioner of his right to a contested case hearing. The Board's error, according to petitioner, was in refusing to consider his letter of July 19 to be a request for a hearing.[4] However, the letter said nothing about a hearing.

---

[2] The Board found:

"2. Upon consideration, the Board sees no reason to extend the time for request for hearing so that Licensee may request a hearing on the merits. Under OAR 137-03-003(1), it is permissible for the Board to extend the time allowed for request of a hearing if good cause is found. Good cause is defined as '* * * a cause beyond the reasonable control of the person.' OAR 137-03-003(3). The Board has reviewed the correspondence of Licensee's attorney and found no evidence of a cause beyond the reasonable control of license preventing Licensee from requesting a hearing and suggesting good cause for suspension of the time allowed for requesting a hearing on the merits."

[3] The rule has since been amended. The current version provides:

"The contested case notice shall include a statement that if a request for hearing is not received by the agency within the time stated in the notice, the person shall have waived the right to a hearing under ORS Chapter 183, except as provided in OAR 137-03-075(4)." OAR 137-03-001(2).

[4] We disagree with the dissent that the issue is whether petitioner waived a hearing. That is not the issue. It is whether petitioner requested a hearing in

Petitioner surrendered his license, said that he did not deny the allegations and apologized to the patients, the Board and the profession. The only request he made of the Board was that it consider an alternative sanction — granting him inactive status, rather than permanent revocation, in order to allow him to pursue treatment.

Petitioner asserts that his letter should have been liberally construed by the Board and found to be a sufficient request for a hearing, because the Board "owed an obligation to assist [him] in presenting his defense" as a *pro se* litigant. *Pro se* litigants in contested case proceedings are to be afforded some latitude in procedural requirements. *See Berwick v. AFSD*, 74 Or App 460, 703 P2d 994 (1985). However, an agency is not compelled to excuse a *pro se* litigant from procedural requirements. Petitioner was told specifically that he needed to request a hearing within 21 days and that if he did not do so, his right to a hearing would be waived. There simply was nothing in his July 19 letter indicating that he wanted a hearing. In fact, there was nothing in the letter indicating that he wished to contest any of the charges against him. He admitted to the allegations in his letter and apologized for what he had done. The Board did not err in refusing to consider his July 19 letter as a request for a hearing.

■ Petitioner also argues that "a licensee's right to a hearing prior to revocation is also protected by procedural due process." However, procedural due process requires that a licensee be given an *opportunity* to be heard. *Goldberg v. Kelly*, 397 US 254, 96 S Ct 1011, 25 L Ed 2d 287 (1970). Here, the procedures followed by the agency did provide petitioner with an opportunity to be heard. He did not take advantage of those opportunities.

---

response to the agency's notice that he had a right to a hearing and that he could exercise that right by submitting a request in writing to the Board's office within 21 days of the date of mailing. The dissent's mischaracterization of the pertinent issue here is based on its failure to recognize that, under the Board's notice and its rules, a request for hearing and an answer to the complaint are two different things. The dissent assumes that because a person submits a written answer to a complaint, it necessarily follows that the person is also requesting a hearing. However, that is not correct. Interestingly, petitioner does not even make the argument that the dissent bases its holding on. Rather, he argues, consistently with the Board's rules, that his response constituted a request for hearing and that the Board should have read it that way.

■    In his second assignment of error, petitioner contends that the Board

"imposed a 'penalty on [petitioner's] exercise of his right to be free from self-incrimination under Article I, § 12, of the Oregon Constitution and Amendments Five and Fourteen of the United States Constitution, by revoking his license after he refused to sign a stipulation which incriminated him in pending criminal proceedings."

Petitioner argues that by signing the Board's proposed stipulation, he would have incriminated himself in the pending criminal proceedings involving the same conduct and that he was entitled to refuse to sign the stipulation without penalty. He asserts:

"As a direct consequence for refusing to sign the stipulation, the Board proceeded with a 'default hearing' resulting in revocation. In doing so, the Board 'penalized' [petitioner] for asserting his constitution[al] rights."

However, even if the stipulation could be construed as requiring petitioner to admit to incriminating conduct, he had already admitted that he engaged in the conduct in his July 19 letter to the Board. The stipulation only asks him to repeat his earlier admissions:

"Licensee surrendered his license to practice optometry to the Board by his letter of July 19, 1991. In said letter, Licensee stated 'I do not deny these allegations.'

"The Board and Licensee now stipulate and agree that the suspension case and revocation case may be concluded by the entry of this Stipulation, signed by each party, which Stipulation has the following conditions:

"* * * * *

"2.    Licensee agrees to apologize in writing to the patients with whom he had attempted the unprofessional conduct and which was the subject of the suspension order and notice of intention to revoke. Licensee admits the conduct specified in the Emergency Suspension Order and the Notice of Intent to Revoke License and states by way of mitigation that his only defense is that he has been suffering some emotional turmoil."

We conclude that the Board's proposed stipulation did not implicate petitioner's right to be free from self-incrimination.

In his last assignment of error, petitioner claims that the Board abused its discretion in denying his motion to allow an untimely request for a hearing based on a showing of good cause and in denying his motion to reconsider. We conclude that the Board did not abuse its discretion in denying petitioner's requests.

Affirmed.

**DURHAM, J.,** dissenting.

The majority holds that petitioner waived his right to the hearing that the Board is required to provide by ORS 683.155(1), and admitted the allegations against him. I disagree and, therefore, respectfully dissent.

OAR 137-03-001(2) obligates the Board to include in the notice of opportunity for a contested case hearing a

"statement that if a request for hearing is not received by the agency within 21 days of the date of mailing or other service of the notice, the person shall have *waived the right to a hearing* under ORS chapter 183, except as provided in OAR 137-03-075(6) and (7)." (Emphasis supplied.)

The Board's notice stated, as material:

"5. Licensee has the right, if licensee requests, to have a contested case hearing pursuant to ORS chapter 183 and OAR 137 (the Attorney General's Model Rules of Procedure). Such a request must be made in writing and must be received in the Board's office no more than 21 days after the date of mailing or other service of this notice. If not so received, *licensee's right to a hearing under ORS chapter 183 and OAR chapter 137 will be waived.* * * *

"6. *An answer to this notice is requested,* pursuant to OAR 852-01-015. *Failure to deny or defend these allegations will result in waiver and admission of the allegations.*"[1] (Emphasis supplied.)

---

[1] The statement in the notice that a "[f]ailure to deny or defend these allegations will result in waiver and admission of the allegations" is not accurate. OAR 852-01-015(2) provides, as material:

"(2) Except for good cause:

"(a) Factual matters alleged in the notice and not denied in the answer shall be presumed admitted[.]"

Contrary to the Board's notice, the rule creates a presumption of admission, and permits a party who does not deny an allegation to overcome the presumption on a showing of good cause. The Board did not afford petitioner that right. The Board cites no authority for the terms of its notice that deviate from OAR 852-01-015(2).

The notice does not explain whether the term "waiver" in the last sentence is a redundant reference to the accompanying phrase "admission of the allegations," or, instead, refers to the waiver of hearing mentioned in the previous paragraph. What is clear from the notice is that the ambiguous consequence of "waiver" and the "admission of the allegations" would occur only if petitioner failed to "deny or defend" the allegations.

Petitioner did not fail to "deny *or defend*" the allegations. He was unrepresented by an attorney. He timely submitted a letter that responded precisely to the request that he answer the notice, and either deny or defend the allegations. The letter said:

"Enclosed is my licence (*sic*), surrendered to you.

"I do not deny these allegations.

"I apologize to these patients, to the board and to the profession. My only defense is that I have been suffering some severe emotional turmoil. Accordingly, I request that you consider granting me an inactive status licence (*sic*), rather than a permanent revocation, so that I can pursue treatment."

Petitioner did not deny the allegations, but he offered, in his words, a defense, *i.e.*, that he had been "suffering some severe emotional turmoil." He asked that the Board grant him an inactive license status and not order revocation so that he could pursue treatment. The notice said that he could avoid the consequences of waiver and admission of the allegations by submitting a timely defense. The Board cannot insist that he waived his hearing right despite his timely assertion of a defense.

The majority notes that the letter did not request a hearing. I agree. The issue is whether petitioner "waived the right to a hearing," within the meaning of OAR 137-03-001(2) and the Board's notice.[2] A waiver is the intentional relinquishment of a known right. *Drews v. EBI Companies*,

---

[2] The majority refuses to decide whether a waiver occurred, asserting that "[t]hat is not the issue." 125 Or App at 70 n 4. That view ignores the text of the governing rule as well as the Board's repeated references to waiver in its notice. Although lawyers may recognize the technical distinction between a "request for hearing" and an "answer" to the Board's notice, we cannot make that assumption for petitioner, who is not an attorney.

310 Or 134, 150, 795 P2d 531 (1990). We may not infer a waiver from equivocal words or conduct.

> "[Waiver] must be manifested in some unequivocal manner.
>
> " 'To make out a case of waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such a purpose or acts amounting to an estoppel on his part.' " *Waterway Terminals v. P.S. Lord*, 242 Or 1, 26, 406 P2d 556 (1965).

Petitioner's letter said nothing about waiving his right to a hearing. The notice told petitioner that he would avoid a waiver by asserting a defense. He did that. The state makes no claim that it was misled, to its prejudice, into believing that he did not want a hearing. *See First National Bank v. Stretcher*, 169 Or 532, 538, 129 P2d 830 (1942). Under the circumstances, I cannot conclude that he intentionally relinquished his hearing right.

For similar reasons, I cannot say that petitioner admitted the Board's allegations. His statement that he "did not deny" the allegations is legally distinct from an affirmative admission that the allegations are true. He timely asserted a defense, and the notice informed him that that would avoid an admission that the allegations are true. Even if the Board were authorized to "deem" a failure to deny or defend allegations to be admission of them, it cannot do so on these facts.

Petitioner retained an attorney who notified the Board that petitioner requested a hearing. Under the circumstances, the Board cannot deny petitioner his right to a contested case hearing. ORS 683.155(1); ORS 183.415(1).

I dissent.