Argued and submitted January 20, affirmed March 22, petition for review denied
May 30, 1995 (321 Or 246)

## Scott D. McCOMAS,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT,
*Respondent.*

(94-AB-1392; CA A85113)

891 P2d 1351

Pamela A. Schultz argued the cause and filed the brief for petitioner.

Philip Schradle, Assistant Attorney General, waived appearance for respondent.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

Claimant seeks review of a final order of the Employment Appeals Board, which affirmed a referee's dismissal of claimant's request for a hearing as untimely under ORS 657.269 and ORS 657.875. We review for errors of law, ORS 183.482(8), and affirm.

On December 6, 1993, the Employment Department issued two administrative decisions denying claimant benefits and requiring that he repay more than $13,000 in overpaid benefits. At that time, the department had notice that claimant had recently moved, and of his new address, but, nonetheless, inadvertently mailed the decisions to claimant's former address. The post office forwarded the decisions to claimant, and he received them on December 13. Immediately thereafter, claimant retained counsel to file a request for an administrative hearing, disputing the department's decisions. Counsel did, in fact, draft such a request and, on December 15, sent claimant a copy of that request, informing him that it had been filed with the department. However, counsel inadvertently failed to actually file the request. On January 13, 1994, counsel discovered his mistake and on that date — 31 days after claimant's actual receipt of the decisions — filed the request for hearing.

The referee dismissed the request for hearing because it was not timely under ORS 657.269 and because claimant had failed to show "good cause," which would have excused the late filing. ORS 657.875. The Board affirmed, concluding that: (1) the department had substantially complied with the service requirements of ORS 657.269 because claimant had sufficient notice of the administrative decisions; and (2) claimant did not establish good cause for having failed to file a timely request for hearing. Claimant disputes both determinations.

Claimant first argues that his request for hearing could not have been untimely because the department never properly served him at his last known address, as required under ORS 657.269. That statute provides:

"Unless the claimant or one of the employing units entitled to notice under ORS 657.267 or 657.268 within 20 days after delivery of such notice or, if mailed, *within 20 days*

*after the same was mailed to the party's last-known address*, files with the Director of the Employment Department a request for hearing upon the decision, it shall be final and benefits shall be paid or denied in accordance therewith * * *." (Emphasis supplied.)

It is undisputed that the department did not mail the administrative decisions to claimant's last known address. Nonetheless, the Board concluded that, because claimant ultimately received notice and still did not file within 20 days of actual receipt, any noncompliance with ORS 656.269 was immaterial and the department had substantially complied with that statute. Claimant contends that, notwithstanding any apparent lack of prejudice, the Board was required to enforce the statute strictly, rendering the department's service ineffective, and its decisions nonfinal.[1]

■    *Brown v. Portland School Dist. #1*, 291 Or 77, 81, 628 P2d 1183 (1981), states the controlling test for substantial compliance:

"The sufficiency of the notice given must be determined with the object of the statute in mind and technically deficient claims should not be barred where the purpose of the statute is served. *Sprague* [*v. Astoria*, 100 Or 298, 304, 195 P 789 (1921)]. The doctrine of substantial compliance has previously been used by this court to avoid the harsh results of insisting on literal compliance with statutory notice requirements where the purpose of these requirements has been met."[2]

Thus, substantial compliance requires "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute" and depends on the particular facts of each case. *Rogers v. Roberts*, 300 Or 687, 691-92, 717 P2d 620 (1986).

■    Applying those principles, we agree with the Board that the "purpose of the notice requirement of ORS 657.269 is to inform parties of the existence and substance of the

---

[1] The implication of claimant's argument is that, to this day, he has never been served.

[2] *Brown* concerned the notice provisions of the Oregon Tort Claims Act. ORS 30.275. However, the court noted that it had applied the theory of substantial compliance to notice requirements in a variety of other statutory schemes. 291 Or at 80 n 2.

administrative decisions, and to afford the parties a reasonable opportunity to effect an appeal of the administrative decisions, if they so choose." Because claimant received actual notice of the department's decisions, and was not prejudiced by its noncompliance with the "last known address" requirement,[3] we conclude that the department substantially complied with ORS 657.269. *See Brown,* 291 Or at 81; *State v. Vandepoll,* 118 Or App 193, 196-97, 846 P2d 1174, *rev den* 317 Or 163 (1993); *Colson v. Bureau of Labor and Ind.,* 113 Or App 106, 111-12, 831 P2d 706 (1992).

■  Claimant next assigns error to the Board's conclusion that he failed to establish good cause that would, under ORS 657.875, excuse the untimely filing of the request for hearing. In particular, claimant argues that the Board erred in affirming the referee's determination that, under the pertinent department rule, OAR 471-40-010, counsel's alleged negligence was not good cause excusing the untimely filing.

ORS 657.875 provides:

"The period within which an interested party may request a hearing * * * may be extended, upon a showing of good cause therefor, a reasonable time under the circumstances of each particular case."

OAR 471-40-010 defines "good cause" for purposes of ORS 657.875:

"(1) 'Good Cause' exists when it is established by satisfactory evidence that factors or circumstances beyond reasonable control *of the appellant* caused the late filing." (Emphasis supplied.)

The referee, referring to principles of agency, interpreted "appellant" in OAR 471-40-010 to include claimant or his attorney. Thus, he concluded, counsel's inadvertent or allegedly negligent conduct could not constitute "circumstances beyond reasonable control of the appellant." The Board echoed that reasoning and affirmed.

---

[3] As noted, claimant failed to file his request for hearing within 20 days of actually receiving the department's decisions. It is undisputed that that failure had nothing to do with the "last known address" requirement.

Without necessarily endorsing the particulars of the referee's and the Board's agency analysis,[4] we agree with their result. Oregon courts have consistently held that an attorney's negligent failure to file a timely request for hearing on the denial of workers' compensation benefits does not constitute good cause excusing such an untimely filing under ORS 656.319(1)(b)[5] "unless the attorney's reason for failing to file would be good cause if attributed to the claimant." *Sekermestrovich v. SAIF*, 280 Or 723, 727, 573 P2d 275 (1977) (footnote omitted). *See Mendoza v. SAIF*, 123 Or App 349, 352-53, 859 P2d 582 (1993), *rev den* 318 Or 326 (1994). Although there are differences between the workers' compensation and unemployment compensation contexts, and in the evolution of their respective good cause statutes, *see Sayers*, 59 Or App at 281, we perceive no reason why that principle cannot, and should not, apply equally to ORS 657.875.

Affirmed.

---

[4] "*Good cause*" within the meaning of ORS 657.875 is a "delegative term" under the rubric of *Springfield Education Assn. v. School Dist.*, 290 Or 217, 621 P2d 547 (1980). *Sayers v. Employment Division*, 59 Or App 270, 280-81, 650 P2d 1024 (1982); *accord McPherson v. Employment Division*, 285 Or 541, 550, 591 P2d 1381 (1979). Nevertheless, because the functions of the referee and the Board are purely adjudicative, and do not involve policy making, *see, e.g., Trebesch v. Employment Division*, 300 Or 264, 710 P2d 136 (1985); *Philomath Forest Products Co. v. Emp. Div.*, 86 Or App 678, 682, 741 P2d 912 (1987), the applicability of *Springfield* "deference" to their decisions is open to question. *See Stone Forest Industries, Inc. v. Employment Div.*, 127 Or App 568, 572 n 2, 873 P2d 474 (1994); *but see Sayers*, 59 Or App 270 (pre-*Trebesch* decision applying *Springfield's* methodology to referee's and EAB's application of OAR 471-40-010).

[5] ORS 656.319(1)(b) provides:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"* * * * *

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."