Argued and submitted September 24, reversed and remanded November 20, 1996

In the Matter of the Compensation of
Bret Clausing, Claimant.

Bret CLAUSING,
*Petitioner,*

*v.*

K-MART CORPORATION,
*Respondent,*

*and*

DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,
*Intervenor.*

(95-04958; CA A92152)

926 P2d 337

Robert F. Webber argued the cause for petitioner. With him on the brief was Black, Chapman, Webber & Stevens.

Karen O'Kasey argued the cause for respondent. With her on the brief was Schwabe, Williamson & Wyatt.

Stephanie L. Striffler, Assistant Attorney General, argued for intervenor. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Claimant seeks review of a Workers' Compensation Board order that reinstated K-Mart Corporation's denial of his claim. ORS 656.298. The question is whether K-Mart is responsible under ORS 656.029(1) for providing workers' compensation coverage for claimant. The Board concluded that it is not.

Claimant worked for a company that contracted with K-Mart to provide janitorial services. Claimant was injured while cleaning one of K-Mart's stores. ORS 656.029(1) requires that

> "If a person awards a contract involving the perform-ance of labor where such labor is *a normal and customary part or process of the person's trade or business,* the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals * * * who perform labor under the contract * * *." (Emphasis supplied.)

Claimant and intervenor correctly point out that the Board's order does not show whether it considered OAR 436-050-0040(4)(c), which interprets the phrase "normal and custom-ary part or process of the person's trade or business" to mean "the day-to-day activities or operations which are necessary to successfully carry out the business or trade." The Depart-ment of Consumer and Business Services promulgated that rule pursuant to ORS 656.726(3). Properly promulgated administrative rules have the force of law. *Bronson v. Moonen,* 270 Or 469, 476, 528 P2d 82 (1974). Accordingly, we remand to the Board to consider the facts of this case in the light of that rule.

Because of this disposition, we need not address respondent's cross-assignment of error.

Reversed and remanded.