Argued and submitted December 3, 1997; resubmitted En Banc August 12, affirmed September 30, 1998

Mary D. HASKINS,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Cy's Super Market,
*Respondents.*

(EAB No. 96-AB-199; CA A96295)

965 P2d 422

Mike Ratliff argued the cause for petitioner. On the brief were Rebecca Whitney-Smith and Ratliff & Whitney-Smith.

Hardy Myers, Attorney General, and Mary H. Williams, Assistant Attorney General, waived appearance for respondent Employment Department.

No appearance for respondent Cy's Super Market.

LANDAU, J.

Wollheim, J., dissenting.

## LANDAU, J.

Claimant petitions for judicial review of a final order of the Employment Appeals Board (board) affirming the Employment Department's (department) dismissal of her request for a hearing on the denial of her application for unemployment benefits. The department dismissed her hearing request on the ground that it was not signed as required by administrative rule. On review, claimant contends that, although the hearing request was not signed as required by rule, she should be deemed to have "substantially complied" with the requirements of the applicable statute, which contains no such requirement. We affirm.

The facts are undisputed. Claimant submitted a request for unemployment benefits, which request the department denied on November 1, 1996. The department's administrative decision informed claimant that any appeal of the decision must be filed on or before November 21, 1996.

On November 21, 1996, the last day for filing a request for hearing, claimant's counsel transmitted via facsimile a request for hearing. The request was typed. At the signature line of the request, counsel stamped the words: "Dictated by the Attorney and Mailed without Signature in His Absence to Avoid Delay."

The department dismissed the hearing request on the ground that it did not comply with OAR 471-040-0005, which requires that hearing requests be "signed" by the claimant or her counsel or other authorized agent. The board affirmed, accepting the department's construction of its own:

> "The Employment Department is entitled to set reasonable standards to establish what prerequisites need to be met before a document constitutes a request for a hearing. It has determined that a signature is such a prerequisite. We infer that one of the purposes of that prerequisite is to ensure the authenticity of the identity of the person appealing so that only those persons/entities who have a right to appeal in fact are afforded such an opportunity. A typed name does not allow for such a determination of authenticity; anyone can type someone else's name. Thus, the document submitted by claimant's attorney did not substantially comply with the need to have an authentic signature."

■ On review, claimant argues that, although she failed to submit a signed hearing request in compliance with the administrative rule, her claim should be allowed to proceed, because the underlying statute, ORS 657.269, contains no signature requirement. Citing *McComas v. Employment Dept.*, 133 Or App 577, 891 P2d 1351 (1995), claimant contends that she is entitled to proceed, because she substantially complied with the statute.

■ ORS 657.269 provides that, to obtain a hearing on the department's denial of an application for unemployment benefits, the claimant must file a request for a hearing with the department within 20 days of the department's decision. The statute does not specify the contents of the request for a hearing. Administrative rules adopted by the department do, however. Pertinent to this case is OAR 471-040-0005, which provides, in part:

> "A request for hearing must be in writing and signed by a claimant or the employing unit, or their counsel, or other authorized agent."

Validly promulgated administrative rules have the force of law. *Bronson v. Moonen*, 270 Or 469, 476, 528 P2d 82 (1974) ("Administrative rules and regulations are to be regarded as legislative enactments having the same effect as if enacted by the legislature as part of the original statute."); *Clausing v. K-Mart Corp.*, 144 Or App 552, 554, 926 P2d 337 (1996) ("Properly promulgated administrative rules have the force of law."). Moreover, an agency's interpretation of its own validly promulgated rules must be upheld by the courts unless "inconsistent with the wording of the rule itself, or with the rule's context, or with any other source of law * * *." *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994).

In this case, claimant does not challenge the validity of OAR 471-040-0005. Nor does she contend that she complied with the rule. Her contention is that her failure to comply with the rule is of no consequence, because the statute makes no mention of a signature requirement. That the statute makes no mention of a signature requirement, however, is beside the point. The administrative rule does mention such a requirement, and that rule has the effect of law.

Claimant's reliance on our decision in *McComas* is unavailing. In that case, we held that a technically deficient notice may be considered to have substantially complied with the requirements of a statute when the notice has complied "in respect to the essential matters necessary to assure every reasonable objective of the statute." *McComas*, 133 Or App at 580 (quoting *Rogers v. Roberts*, 300 Or 687, 691-92, 717 P2d 620 (1986)). In this case, the board did not base its decision on claimant's failure to comply with ORS 657.269, but instead on claimant's failure to comply with OAR 471-040-0005.

Claimant insists that, although she did not comply with the administrative rule, she provided enough information to satisfy its purpose. That argument, too, is beside the point. The department's rule requires a "signature." The department has construed the rule to require an actual, handwritten signature. It may well be that there are plausible contrary interpretations of the term. The fact remains that the department's construction is entirely consistent with the language of the rule, *see Webster's Third New Int'l Dictionary*, 2116 (unabridged ed 1993) (defining "signature" as "the name of a person written with his own hand"), and under the deferential interpretive rule of *Don't Waste Oregon*, we are bound by that construction.

The dissent insists that, even under *Don't Waste Oregon*, the department's decision fails for two reasons. First, the dissent complains that the department's decision to construe the reference to "signature" to mean what it says is inconsistent with the manner in which the term has been construed in other contexts. The argument, however, is a *non sequitur*. Merely because the term has been interpreted differently in other contexts does not mean that, in this instance, it is impermissible for the department to interpret the term as it does, particularly when its interpretation conforms precisely to the common, ordinary meaning of the relevant terms.

Second, the dissent complains that the department's interpretation is implausible because it does not serve the purpose of authenticating claimant's identity. According to the dissent, because the rule permits persons other than the claimant to sign a hearing request, it makes no sense to insist

on claimant's signature. The dissent's argument is predicated on a flawed premise, however. The purpose of the rule is not to authenticate claimant's identity, but to authenticate the identity of any person—either claimant or a person authorized by claimant—who files the request for a hearing. It is no more implausible to require a signature of persons filing a hearing request than it is to require a signature of persons executing contracts, drafting checks or submitting credit card charges.

Affirmed.

**WOLLHEIM, J.,** dissenting.

Citing *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d 119 (1994), the majority has chosen to defer to an Employment Department interpretation of OAR 471-040-0005. However, under the criteria established in that case for interpreting agency rules, I find the department's interpretation neither plausible nor consistent with the context of the rule, and therefore respectfully dissent.

This court is authorized to overrule an agency's interpretation of a rule if the agency has "erroneously interpreted a provision of law." ORS 183.482(8)(a). Pursuant to *Don't Waste Oregon*, error is present if an agency's interpretation is: (1) implausible; (2) inconsistent with the wording of the rule; (3) inconsistent with the context of the rule; or (4) inconsistent with any other source of law. 320 Or at 142. In this case, the department's interpretation of OAR 471-040-0005, to which the EAB and the majority defer, reads in pertinent part:

"The Employment Department has determined in OAR 471-40-005 that a document is not a request for hearing unless it bears a signature. The Employment Department is entitled to set reasonable standards to establish what prerequisites need to be met before a document constitutes a request for hearing. It has determined that a signature is such a prerequisite. We infer that one of the purposes of that prerequisite is to ensure the authenticity of the identity of the person appealing so that only those persons/entities who have a right to appeal in fact are afforded such an opportunity. A typed name does not allow for such a determination of authenticity; anyone can type someone else's

name. Thus, the document submitted by claimant's attorney did not substantially comply with the need to have an authentic signature."

First, the department's interpretation of OAR 471-040-0005(1) is not consistent with the context of the rule. Context includes prior judicial construction of the same or similar language. *State v. Guzek*, 322 Or 245, 255, 906 P2d 272 (1995). The terms "signed" and "signature" are not defined in the department's rules or statutes, but in other contexts they have been construed broadly. In ORS 42.005, a signature encompasses "any symbol executed or adopted by a party with present intention to authenticate a writing." In ORS 71.2020(39), the term "signed" stands for the identical proposition. The courts have held that a printed name sufficed as a signature in *Toon v. Wapinitia Irrigation Co.*, 117 Or 374, 383, 243 P 554 (1926), and that a photocopied signature was enough to certify an exhibit in *State v. Barckley*, 54 Or App 351, 355, 634 P2d 1373 (1981). Now, under the majority's decision, the definition of a signature is inexplicably limited when tendered to secure a hearing from the department.

Second, the department's interpretation of its rule is not plausible. Signatures on a hearing request can be that of a "claimant or employing unit, or their counsel, or other authorized agent." OAR 471-040-0005(1). Yet the purpose of the signature, according to the department, is to "ensure the authenticity of the identity of the person appealing." The hearing request, therefore, requires an "authentic signature," yet allows persons to sign who are incapable of rendering claimant's "authentic signature." Under the auspices of identity authentication, the department's interpretation invalidates as a signature the stamp from claimant's attorney, yet allows a panoply of names and cursive scripts that are not claimant's and which do nothing to help identify her. The dissonance in logic between the rule and its interpretation is striking, particularly when one grasps that this interpretation shifts the traditional purpose of signature requirements from authenticating writings to authenticating the identity of the writer.

ORS 657.269 and OAR 471-040-0005 are part of a process designed to give individuals affected by Employment

Department decisions an opportunity to be heard. On appeal, claimant argued she substantially complied with both statute and rule. The Supreme Court has defined substantial compliance as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Rogers v. Roberts*, 300 Or 687, 691, 717 P2d 620 (1986). By deciding this case as we have, I fear we "observe the letter of the statute as interpreted strictly, and fail to give heed to the statute's obvious purpose. Thus, the statute would be turned against those for whose protection it had been written." *In re Demaris' Estate*, 166 Or 36, 76, 110 P2d 571 (1941). We have embraced a flawed reading of an agency rule while denying a citizen her day in court. For that reason, I dissent.

Riggs, J. pro tempore, joins in this dissent.