Argued and submitted June 8, affirmed December 9, 1998

Donald FREEMAN,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and O'Hara Corporation,
*Respondents.*

(97-AB-1955; CA A99749)

971 P2d 455

Garvin D. Reiter argued the cause for petitioner. With him on the brief was Oregon Legal Services Corp.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent Employment Department.

With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent O'Hara Corporation.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

Wollheim, J., dissenting.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## LANDAU, P. J.

Claimant seeks review of a final order of the Employment Appeals Board (board) denying him unemployment benefits on the ground that he failed to timely request a hearing from the administrative decision denying his application for benefits. We affirm.

The facts are not in dispute. Claimant submitted a claim for unemployment benefits. He was not represented by counsel. On July 1, 1997, the Employment Department (department) mailed him an administrative decision denying his claim. ORS 657.269 requires a claimant who receives such a denial to file a "request for [a] hearing" within 20 days of the administrative decision. OAR 471-040-0005 describes the ways in which a claimant may request a hearing:

> "Requests for hearing may be filed on forms provided by the state employment offices of the Department or similar offices in other states. However, use of the form is not required provided the party specifically requests a hearing."

The department's decision advised claimant that if he did not agree with the decision denying his claim for benefits, he should refer to enclosed forms about his appeal rights. The department advised him to file his request for a hearing within 21 days.

Claimant did not submit a hearing request form to the department. On July 18, 1997, he did send a letter to the department, which stated, "I disagree with the decision denying me benefits." The department returned the letter with a note stating, "You need to add a line that says 'I request a hearing.'" Claimant added that language to a second hearing request, but the request was not received until well after the 21-day deadline.

An administrative law judge (ALJ) concluded that, under OAR 471-040-0005, a claimant desiring a hearing must timely file the department's request form or submit some other writing that "specifically requests" a hearing. The ALJ further concluded that, in this case, claimant did neither

and dismissed the hearing, leaving in place the administrative decision denying benefits. The board affirmed.

On review, claimant contends that the board erred in affirming the dismissal of his hearing. Claimant does not contest the fact that he failed to submit a timely request for a hearing. He acknowledges that OAR 471-040-0005 requires that a claimant either submit a hearing request form or submit a different writing that "specifically requests" a hearing. He further acknowledges that he failed to "specifically request" a hearing in conformance with that rule. His sole contention on review is that the rule itself is "in error" because it requires more than mere "substantial compliance" with ORS 657.269. According to claimant, he is not required to comply with the requirements of the rule, because he complied with the requirements of the statute.

We addressed, and rejected, the same argument in *Haskins v. Employment Dept.*, 156 Or App 285, 965 P2d 422 (1998). In that case, the claimant requested a hearing but failed to sign the hearing request, as required by an applicable administrative rule. The department dismissed the hearing for failure to comply with the rule, and the board affirmed. *Id.* at 287. On review, the claimant argued that her failure to comply with the rule should not preclude granting the hearing request. We disagreed:

> "[Claimant's] contention is that her failure to comply with the rule is of no consequence, because the statute makes no mention of a signature requirement. That the statute makes no mention of a signature requirement, however, is beside the point. The administrative rule does mention such a requirement, and that rule has the effect of law."

*Id.* at 288.

The same reasoning leads to the same result in this case. ORS 657.269 requires a "request for [a] hearing." Assuming, for the sake of argument, that the statute does not require a writing that "specifically requests a hearing," the fact remains that the administrative rule does contain such a requirement, and that rule has the effect of law. Claimant concedes that he did not comply with the rule. His assignment of error therefore must fail.[1]

---

[1] The dissent takes us to task for oversimplifying claimant's argument. According to the dissent, claimant's argument is not that the rule does not apply at all, but

■    Claimant insists that the procedural rules should not be applied against him so strictly, because he appeared *pro se*. Claimant was informed of his need to timely submit a hearing request. He did not do that. He submitted instead a letter that contained no request for a hearing. *See Bennett v. Board of Optometry*, 125 Or App 66, 71, 865 P2d 362 (1993), *rev den* 318 Or 582 (1994) ("an agency is not compelled to excuse a *pro se* litigant from procedural requirements"). Whatever latitude we afford *pro se* litigants in appropriate cases does not excuse claimant's failure to request a hearing in this case.[2]

Affirmed.

**WOLLHEIM, J.,** dissenting.

"We doubt that the legislature intended this triumph of form over substance, which is antithetical to the purpose of the unemployment compensation system."

---

is instead that the proper interpretation of the rule must be tempered by due respect for substantial compliance with the more general requirements of the statute. In describing claimant's arguments, however, we have taken him at his own words:

"[T]he Department relied on OAR 471-[0]40-[0]005 to conclude that Claimant failed to request a hearing. *This Court is not bound to rule for the Department on the basis of this regulation, since the proper inquiry is whether the Department has complied with its statutory duty under ORS 657.269. * * *.*"

(Emphasis added.) That contention, as we have noted, was disposed of in *Haskins*.

Even the argument as recast by the dissent is unavailing. According to the dissent, the department's construction of its own rules cannot be sustained in this case, because that construction—interpreting "specifically requests a hearing" to mean exactly what it says—does not make allowances for substantial compliance with the general purposes of the statute. We disposed of that argument, too, in *Haskins*, in which we noted that an agency's construction of its own rules may not be set aside if consistent with the ordinary meaning of the relevant terms in the applicable statutes and rules. *Haskins*, 156 Or App at 288-89, citing *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994).

[2] The dissent again complains that we have misread claimant's argument. Once again, however, we have taken the argument as expressed in claimant's own brief, in which he contends that enforcing the administrative rule in this case "would be particularly harsh given a * * * line of cases which has established that *pro se* litigants in contested case proceedings are to be afforded some latitude in procedural requirements."

According to the dissent, claimant's real argument is that the ALJ erred in failing to fully develop the facts to ascertain whether claimant had substantially complied with the statute. That argument, however, begs the question whether failure to comply with the specific requirements of an applicable administrative rule can be "cured" by substantial compliance with a general statute. Again, *Haskins* answered that question contrary to the position that the dissent takes in this case.

*Miller v. Employment Division*, 45 Or App 1117, 1122, 610 P2d 293 (1980).

I believe the majority's opinion oversimplifies claimant's position. From my vantage point, claimant's assertion of substantial compliance asks only for that which we have gladly granted state agencies for some time. I therefore respectfully dissent.

Claimant relies on *McComas v. Employment Dept.*, 133 Or App 577, 891 P2d 1351, *rev den* 321 Or 246 (1995). There, we introduced substantial compliance into the realm of unemployment compensation statutes, explaining:

> " 'The sufficiency of the notice given must be determined with the object of the statute in mind and technically deficient claims should not be barred where the purpose of the statute is served. The doctrine of substantial compliance has previously been used by this court to avoid the harsh results of insisting on literal compliance with statutory notice requirements where the purpose of these requirements has been met.' "

*Id.* at 580, *quoting Brown v. Portland School Dist. #1*, 291 Or 77, 81, 628 P2d 1183 (1981) (citation omitted).

Substantial compliance is a fact-specific determination, defined by compliance with the essential matters needed to achieve the reasonable objectives of a statute. *Id.* Claimant argues that from our analysis in *McComas,* a three-part inquiry emerges to determine when the doctrine should be applied. We should ask first whether the purpose of the notice requirement in ORS 657.269 was met by claimant. If it was, we then inquire if actual notice was received by the department. Finally, we ask if the department has been prejudiced by claimant's less-than-strict compliance. The only difference I detect between *McComas* and the case at bar is that in the former, the department, rather than the claimant, asserted substantial compliance. I am puzzled by our willingness to allow agencies the benefit of our substantial compliance case law while denying the same to claimants. Sauce for the goose should also be sauce for the gander.[1]

---

[1] The majority invokes the applicability of the administrative rules here as the dispositive factor allowing it to condemn claimant's assignment of error to failure.

Regardless whether one agrees with claimant, it is fair to say his argument is more complex than the majority's abbreviation of it: "His sole contention on review is that the rule itself is 'in error' because it requires more than mere 'substantial compliance' with ORS 657.269." 157 Or App at 533. Claimant does not argue that the administrative rule is in error. He argues that the department erred by not viewing it in light of substantial compliance. ORS 657.269 and OAR 471-040-0005 are not, as the majority implies, separate entities in a two-tiered system; they should be read together. As the Supreme Court said in *Bronson v. Moonen*, 270 Or 469, 476, 528 P2d 82 (1974): "Administrative rules and regulations are to be regarded as legislative enactments having the same effect *as if enacted by the legislature as part of the original statute.*" (Emphasis added.) To do otherwise, I believe, creates unnecessary pitfalls for the uninitiated or unwary. Inasmuch as the majority's analysis segregates the legislative and administrative enactments in this case, I believe that analysis is incorrect.

The majority also mischaracterizes claimant's contention regarding his *pro se* status at the original hearing. The majority writes, "Claimant insists that the procedural rules should not be applied against him so strictly, because he appeared *pro se*." 157 Or App at 534. I disagree with this description. Claimant argues that agencies in contested cases have a duty to assist *pro se* claimants throughout the process. ORS 657.270(5)[2] and OAR 471-040-0025(1)[3] require that *pro se* claimants receive hearings that are full and fair. In

---

I find that rationale unavailing, however, in light of this court's decision in *Colson v. Bureau of Labor and Ind.*, 113 Or App 106, 831 P2d 706 (1992). When the state agency in that case argued substantial compliance, we had no difficulty holding that our job was to "determine whether there was substantial compliance with the statute, despite [the agency's] lack of compliance with [the administrative rule]."

[2] ORS 657.270(5) provides, in part:

"Where the claimant or the employer is unrepresented at the hearing, the referee shall explain the issues involved in the hearing and the matters which the unrepresented claimant or the employer must either prove or disprove. The referee shall insure that the record developed at the hearing shows a full and fair inquiry into the facts necessary for consideration of all issues properly before the referee in the case."

[3] OAR 471-040-0025(1) provides:

"The purpose of the hearing is to inquire fully into the matters at issue and to make a decision on the basis of the evidence adduced at the hearing."

contested benefits cases involving unrepresented claimants, an ALJ's duty is not satisfied "simply by assisting an unrepresented claimant in presenting evidence which the claimant wishes to present; [the ALJ] must also pursue lines of inquiry which the claimant might not even know were available." *Berwick v. AFSD*, 74 Or App 460, 467-68, 703 P2d 994 (1985). In cases specifically involving unemployment benefits, an ALJ's relationship to a *pro se* claimant is more "inquisitorial than adversarial," placing on the ALJ responsibility for seeking out all the facts relevant to the claimant's claim. *Dennis v. Employment Div.*, 302 Or 160, 166, 728 P2d 12 (1986). That is done, ultimately, to ensure that relevant evidence not go unpresented because of a party's ignorance or inexperience. *Id.*

In this instance, I believe the ALJ should have fully developed the facts of claimant's case to ascertain whether claimant had substantially complied with the requirements necessary to receive a hearing. The thrust of claimant's letter was understood by at least one official at the department, even though the letter itself was technically deficient. The department did not equivocate in its response to claimant by writing, "*If you want a hearing*, add a line that says 'I request a hearing'." Rather, it instructed claimant to add the requisite language because it believed it necessary to "legally process *your request for a hearing.*" (Emphasis added.) The Supreme Court has ruled that public agencies receiving actual notice of an action or appeal cannot avoid that notice by citing technical deficiencies contained therein. *See, e.g., Brown; Stroh v. SAIF*, 261 Or 117, 492 P2d 472 (1972). I would hold, therefore, that by finding that claimant's letter was merely received and "returned with instructions," the ALJ erred by not fully and fairly exploring what, if any, actual notice was received by the department.

I respectfully dissent.